ESTATE OF CHARLES M. DuPUY, DECEASED, THE PUTNAM TRUST COMPANY OF GREENWICH, JESSIE COOK LAUDER (FORMERLY JESSIE COOK DuPUY), AND HERBERT DuPUY MERRICK, EXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 987–67.    Filed September 26, 1967.

*Clark M. Whittemore, Jr.,* for the petitioners.
*John W. Tissue,* for the respondent.

#### OPINION

DRENNEN, *Judge:* On December 1, 1966, respondent issued a notice of deficiency to the "Estate of Charles M. DuPuy, The Putnam Trust Company of Greenwich, Co-executor, Jessie Cook Lauder (DuPuy), Co-executrix, Herbert DuPuy Merrick, Co-executor," determining a deficiency in the estate tax liability for the Estate of Charles M. DuPuy in the amount of $473,078.27. On the same date respondent also issued separate notices of deficiency to each of the coexecutors named above, addressed to them as indicated by the following example, i.e., "Herbert DuPuy Merrick, Co-executor," on each of which notices of deficiency the addressee was advised that there had been determined for assessment against the addressee the amount of $473,078.27 plus interest, "constituting your personal liability as a fiduciary for the estate tax due from the Estate of Charles M. DuPuy, deceased, * * * as shown in the accompanying statement."

The statement attached to each of the notices of deficiency addressed to the individual coexecutors recited as follows:

The records of this office indicate that you have served as a fiduciary of the estate of the above-named decedent, that the estate tax liability of the estate

has not been discharged, and that you, as a fiduciary distributed the estate in whole or in part without first discharging the estate tax liability. Accordingly, under section 3467 of the Revised Statutes of the United States, as amended, you are personally liable for the undischarged estate tax to the extent of such payments and distributions. The amount stated above represents your personal liability.

On February 28, 1967, a petition was filed with the Court captioned as follows: "Estate of Charles M. DuPuy, deceased, The Putnam Trust Company of Greenwich, Jessie Cook Lauder (formerly Jessie Cook DuPuy), and Herbert DuPuy Merrick, Executors, Petitioners, vs. Commissioner of Internal Revenue, Respondent" The petition made reference to the notice of deficiency issued to the Estate of Charles M. DuPuy only and a copy of that notice of deficiency was attached. The petition alleged various errors in the notice of deficiency all of which except an allegation of error raising the statute of limitations, pertained to adjustments increasing the value of the gross estate of the decedent. The prayer of the petition was for the Court to determine the value of the various items placed in issue and that certain items should not be included in the gross estate, and that certain additional credits and deductions should be allowed in computing the taxable estate. The petition was signed by counsel for petitioners and was verified by two of the three executors named in the caption. The petition made no reference to the personal liability of the executors as fiduciaries nor to the notices of deficiency issued to them individually determining such liability.

On April 27, 1967, more than 90 days after the notices of deficiency referred to above had been issued, an amended petition was filed with the Court captioned the same as the original petition and bearing the same docket number. The petition was similar in all respects to the original petition except there was added thereto as an additional allegation of error, "The Commissioner erred in that the time for asserting any personal liability against the Petitioners for any amounts due to the United States expired before the mailing of said Notices of Deficiency," and the prayer of the amended petition made the additional request that the Court determine that "The Petitioners are not personally liable for any Estate Tax Deficiency or other liability of their decedent or his estate to the United States." The opening statement of the amended petition also referred to "Notices of Deficiency (all containing Symbols AU:R:90D) all dated December 1, 1966."

Thereafter respondent filed on June 19, 1967, a motion to strike those portions of the amended petition relating to the personal liability of the executors on the ground that the executors had not filed timely petitions with respect to their personal liability.

A hearing was had on respondent's motion, after which the Court took the motion under advisement and permitted the parties to file

memoranda in support of their respective positions. After due consideration of the arguments of the parties the Court is of the opinion that respondent's motion is well founded and must be granted.

Petitioners argue that they filed the original timely petition in their capacity as executors, that in such capacity they are entitled to raise the issue of their personal liability, and that the amendment to the petition simply clarifies the deficiency as it pertains to that issue, and that that issue was therefore placed before the Court in the original timely petition. We disagree.

The liability of the estate for estate tax is imposed by section 2001, *et seq.*, of the 1954 Code. The personal liability for the estate tax is imposed with respect to a fiduciary under section 3467 of the Revised Statutes of the United States (31 U.S.C. sec. 192). The notice of deficiency with respect to the estate tax was properly issued to the estate and the coexecutors. The coexecutors, in their fiduciary capacity as representatives of the estate, were the proper parties to file a petition for redetermination of the deficiency in estate tax determined in the notice of deficiency addressed to the estate. The taxpayer referred to in, and authorized to file a petition for redetermination of the estate tax liability under, section 6213(a) of the 1954 Code was the estate. It is clear that the original and timely filed petition was filed in behalf of the estate only and sought a redetermination of the estate tax liability of that taxpayer and was in no way related to the personal liability of the executors in their fiduciary capacity as is provided in section 3467 of the Revised Statutes. The original petition made no reference to the notices of deficiency addressed to the executors and alleged no error with respect to the determination of any personal liability against them individually. The petition was verified by only two of the executors.

The executors in their individual capacities as fiduciaries, rather than as representatives of the estate, were the parties against whom the personal liability was determined. In order to give this Court jurisdiction of the executors in their individual capacities and of the issue of their personal liabilities, it was incumbent upon them to file, in such capacity, individual petitions for a redetermination of their personal liability within 90 days after the notices of deficiency were issued. The only jurisdiction acquired by this Court as a result of the filing of the original petition was to redetermine the estate tax liability of the estate, and the Court acquired no jurisdiction under the original petition to consider the issue of personal liability of the fiduciaries under section 3467 of the Revised Statutes. *Newton H. Neustadter et al., Executors*, 15 B.T.A. 839, 851; *Mary M. Shea*, 31 B.T.A. 513; *Edward Michael*, 22 B.T.A. 639; *Safe Deposit & Trust Co. of Baltimore, Executor*, 35 B.T.A. 259.

A single petition in which several taxpayers join is not a proper petition, *Percy N. Powers et al.*, 20 B.T.A. 753. The executors may not in a single petition ask this Court to redetermine the deficiency in estate tax determined against the estate in one notice of deficiency and to redetermine the amount of their personal liability for the estate tax of the estate determined in separate notices of deficiency.[1] Consequently, the executors may not raise an issue with respect to their personal liability by amending the petition asking redetermination of the estate tax liability of the estate. It was necessary for each of the executors to file his own petition within the time permitted by the statute to give this Court jurisdiction over the issue of personal liability of the executors. The executors have not done so and this Court has no jurisdiction with respect to their personal liabilities.

An order will be entered granting respondent's motion to strike and dismissing those portions of the amended petition relating to the personal liabilities of the executors.

---

[1] This does not mean that the separate cases, once properly brought within the jurisdiction of the Court, could not have been consolidated for trial and opinion.