ANITA R. EATON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

DONALD A. EATON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4486-67, 4497-67. Filed December 14, 1967.

*Foster J. Fludine*, for the petitioner in docket No. 4486–67.

*Edward M. Greenwald* and *Edward A. Lebit*, for the petitioner in docket No. 4497–67.

*Donald H. Richards*, for the respondent.

OPINION

DAWSON, *Judge:* On November 2, 1967, respondent filed separate motions to dismiss these cases for lack of jurisdiction on the ground that the petitions were not filed by the proper parties. Pursuant to the request of petitioners, the motions were heard at the trial session in Cleveland, Ohio, on November 27, 1967.

A notice of deficiency was mailed on June 9, 1967, by respondent to the petitioner, Anita R. Eaton, at her last-known address. On September 7, 1967, within the statutory period, a petition was filed in the name of Anita R. Eaton which was executed and verified by her attorney, Foster J. Fludine. In the verification of the petition it was alleged that Anita R. Eaton was sojourning outside the United States and that Foster J. Fludine was her duly appointed attorney. A copy of a general power of attorney (Treas. Dept. Form 2848), attached to the petition as Exhibit B, provided that Foster J. Fludine was appointed attorney-in-fact to represent Anita R. Eaton "before any office of the Internal Revenue Service" with respect to the tax years 1960 through 1965. In addition, Foster J. Fludine has an oral power of attorney to represent Anita R. Eaton in tax and other matters. He is an attorney admitted to practice before the Court and was authorized to file the petition for Anita R. Eaton at the time it was filed.

A notice of deficiency was also mailed on June 9, 1967, to Donald A. Eaton at his last-known address. On September 7, 1967, within the statutory period, a petition was filed in the name of Donald A. Eaton which was executed and verified by his attorney, Edward M. Greenwald. In the verification of the petition it was alleged that the whereabouts of Donald A. Eaton were unknown; that it was believed he was sojourning outside the United States; and that Edward M. Greenwald was his duly appointed attorney. A copy of a general power of attorney (Treas. Dept. Form 2848), attached to the petition as Exhibit B, provided that Edward M. Greenwald, Daniel R. McCarthy, and Edward A. Lebit were appointed attorneys-in-fact to represent Donald A. Eaton "before any office of the Internal Revenue Service" with respect to the individual income tax returns of the petitioner for the years 1959 through 1965. In addition, these attorneys were authorized to represent Donald A. Eaton at the time the petition in his case was filed. They are also admitted to practice before this Court.

Respondent takes the position that the proper parties to institute these separate proceedings are Anita R. Eaton and Donald A. Eaton or their duly appointed attorneys, and that the power of attorney attached to each petition does not authorize Foster J. Fludine or Edward M. Greenwald to institute the proceeding on behalf of Anita R. Eaton and Donald A. Eaton. Therefore, respondent urges that each petition be dismissed for lack of jurisdiction.

We cannot agree with the respondent. His objection arises out of faulty verification under Rule 7(c)(4)(D), Tax Court Rules of Practice.[1] This Court has previously and consistently held that the verification of a petition is not a matter of jurisdiction. See *Gibson Amusement Co.*, 22 B.T.A. 1212 (1931), relying upon *Burnet* v. *First National Bank of Fresno*, 46 F. 2d 631 (C.A. 9, 1931). And we have frequently allowed petitioners to perfect their petitions under Rule 17(b) of our Rules of Practice after accepting petitions not entirely correct in form. While the verifications in such cases were technically faulty at the time the petitions were filed, these defects were allowed to be corrected by the filing of properly verified amended petitions. As the court said in *Leidigh Carriage Co.* v. *Stengel*, 95 Fed. 637, 641 (C.A. 6, 1899), "A verification of the petition is certainly a formal or modal matter, and does not reach to the jurisdiction." Therefore, since the defects in the verifications before us are of formality only, it is consistent with established procedure to afford these petitioners the same privilege of perfecting their petitions. Cf. *Estate of Thomas E. Arnett*, 31 T.C. 320, 330 (1958), and *R. T. Buzard*, 28 B.T.A. 247, 252 (1933).[2]

We conclude that this Court has jurisdiction of these cases. Accordingly, respondent's motion to dismiss will be denied and each petitioner will be allowed time to file properly verified amended petitions.

*An appropriate order will be entered.*

---

[1] Rule 7(c)(4)(D), Tax Court Rules of Practice, provides, in pertinent part, as follows:

A verification by the petitioner; provided that where the petitioner is sojourning outside the United States or is a nonresident alien, the petition may be verified by a duly appointed attorney in fact, who shall attach to the petition a copy of the power of attorney under which he acts and who shall state in his verification that he acts pursuant to such power, that such power has not been revoked, that petitioner is absent from the United States, and the grounds of his knowledge of the facts alleged in the petition. As used herein the term "United States" includes only the States and the District of Columbia. A notary public is not authorized to administer oaths, etc., in matters in which he is employed as counsel. (See D.C. Code, tit. 1, ch. 5 (1961), and 26 Op. A.G. 236).

\* \* \* \* \* \* \*

The signature and the verification to the petition shall be considered the certificate of those performing these acts that there is good ground for the petition, the case has not been instituted merely for delay, and it is not frivolous.

[2] See also *Oscar Dressler* and *Edgar W. Rogers,* both Memorandum Opinions of this Court dated Nov. 1, 1937, which are similar to the instant case.