MICHAEL A. CASTALDO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1034-74.     Filed November 27, 1974.

*Joseph A. Lena,* for the petitioner.
*Jack R. Selzer,* for the respondent.

DRENNEN, *Judge:* This case was heard in Boston, Mass., September 30, 1974, on respondent's motion to dismiss for lack of jurisdiction because the petition was not filed within the time prescribed by the applicable provisions of the Internal Revenue Code of 1954, and petitioner's objections thereto.

### FINDINGS OF FACT

A statutory notice of deficiency, dated November 2, 1973, was sent to petitioner at his last known address in Revere, Mass., by certified mail on November 2, 1973. The notice of deficiency was duly received by petitioner in time to file a timely petition in this Court.

The 90-day period for timely filing the petition with this Court expired on Thursday, January 31, 1974, which date was not a legal holiday in the District of Columbia.

On January 29, 1974, petitioner mailed an article addressed to United States Tax Court, Box 70, Washington, D.C. 20044, which was the correct mailing address of this Court. The article was mailed by registered mail with delivery receipt requested. Petitioner received from the post office in Boston where the article was mailed a receipt for registered article No. 279417, which receipt bore a postmark dated January 29, 1974.

Petitioner subsequently received a delivery receipt for registered article No. 279417 which bore a stamp "U.S. Tax Court, Received, January 31, 1974," and a notation that the article was received by the Court on January 31, 1974.

Petitioner subsequently received from the Tax Court a form of petition normally mailed to pro se taxpayers having small tax cases as defined in section 7463, I.R.C. 1954. Petitioner completed this form with information taken from the notice of deficiency and his reasons for disagreeing with the deficiencies

proposed therein (for the years 1967-71), signed it, and mailed it by regular mail to the Tax Court. This document was received by the Court and filed as a petition on February 13, 1974, which was 103 days after the date of mailing the notice of deficiency.

A search of the files and records in the Tax Court does not reveal what was in the article received by registered mail from petitioner January 31, 1974. The article cannot be found and petitioner did not retain a copy of it.

OPINION

The question is whether the article mailed by petitioner to the Tax Court by registered mail on January 29, 1974, was a petition. If it was, it was timely filed and this Court has jurisdiction. On the other hand, if the only petition filed by petitioner is the one which the Court now has in its files and which was filed February 13, 1974, the petition was untimely and we must grant respondent's motion to dismiss for lack of jurisdiction.

This Court in its discretion has "leaned over backwards" to acquire jurisdiction by virtue of documents filed by taxpayers and intended as petitions even though the documents do not comply with the form and content of petitions prescribed in the Rules of the Tax Court. *Norris E. Carstenson,* 57 T.C. 542 (1972).[1] The reason for doing so is that the Court believes that a taxpayer should have his day in court without first paying the deficiency determined by respondent whenever the taxpayer has made a conscientious effort to comply with the Rules and intends the document he files to be a petition, and if it is reasonable to accept the document as a petition. Such action by the Court is usually accompanied by an order directing the taxpayer to file an amended petition conforming to the Rules or show cause why the case should not be dismissed. We have thus accepted amended petitions filed more than 90 days after the mailing of the notice of deficiency by relating the amended petition back to the original defective petition that was timely filed.

In this case petitioner was without counsel or legal advice at the time he mailed the original article to the Court and when he mailed the document that was filed as a petition to the Court. Petitioner testified at the hearing that when he realized that the

---

[1] See also *Harold Guyon Trimble,* and *Estate of Arthur J. Brandt,* Memorandum Opinions of this Court.

time for filing a petition was about to expire, he removed a form attached to the notice of deficiency, filled it in with information taken from the notice of deficiency and his reasons for objecting to the proposed action set forth therein, and mailed it by registered mail to the Tax Court, intending it as a petition. Upon receiving the form petition back from the Tax Court, he completed it and mailed it by ordinary mail to the Court, thinking there was no need to use registered mail for this second petition.

Petitioner testified that the form attached to the notice of deficiency, which he completed and mailed on January 29, was similar to the form petition that was subsequently filed. We doubt this because as counsel for respondent pointed out, and as agreed by counsel obtained by petitioner to represent him at the hearing, respondent does not attach petition forms to notices of deficiency mailed to taxpayers. We suspect that what petitioner detached and mailed to the Court was a consent form which petitioner might have filed with respondent if he did not want to contest the deficiency in the Tax Court.

However, petitioner testified that he completed the form with the same information he put on the petition form that was filed. If that is correct, it would be adequate as a petition even though it was not in proper form. We also have some doubts that all of the same information was contained on the document first mailed, because the Clerk of the Court and his employees will usually file as a petition any document that is filed near the deadline and appears to be intended as a petition, and would probably have filed petitioner's document as a petition, if it contained all the information contained in the second document filed. However, the first document cannot be found and we have only petitioner's word for what it contained.

We will accept petitioner's testimony, however, that he intended the document mailed on January 29, 1974, to be a petition. There is little reason that he would have mailed the document by registered mail with return receipt requested if he had not been trying to meet the 90-day deadline for filing the petition. The second document he mailed to the Court was sent by regular mail because there was no deadline to meet.

Using the discretion which the law permits, we conclude that the document mailed to the Court by registered mail on January 29 and received by the Court on January 31 was intended by

petitioner to be a petition and that it contained sufficient information to be treated at least as a defective petition timely filed. The second document mailed by petitioner to the Court will be considered an amended petition relating back to the original document.

Respondent's motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be entered.*