RICHARD A. O'NEIL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5594-75.    Filed April 15, 1976.

*John D. Dobroski,* for the petitioner.
*Rodney J. Bartlett,* for the respondent.

OPINION

SIMPSON, *Judge:* On January 23, 1976, the Commissioner made a timely motion to dismiss this case as it relates to the taxable year 1971 for lack of jurisdiction on the ground that such year was not raised within the statutory 90-day period and to strike all references to the taxable year 1971 from the amended petition. See sec. 6213, I.R.C. 1954;[1] Rules 13(b), 40, and 52, Tax Court Rules of Practice and Procedure.[2] A hearing was held on such motion.

On April 15, 1975, the notice of deficiency in this case was dated and sent to the petitioner. In such notice, the Commissioner determined deficiencies in and additions to tax for fraud for each of the taxable years 1968 through 1971. On June 23, 1975, the petitioner filed a petition on a form provided by the Clerk of the Court. Such petition provided in pertinent part:

---

[1] All statutory references are to the Internal Revenue Code of 1954.
[2] All references to rules are to the Tax Court Rules of Practice and Procedure.

1. Petitioner(s) request(s) the Court to redetermine the tax deficiency(ies) for the year(s) 1968-1970, as set forth in the notice of deficiency dated Apr. 15, 1975 * * *

3. Petitioner(s) make(s) the following claims as to his tax liability:

| Year | Amount of deficiency disputed | Amount of addition to tax, if any, disputed |
|------|------------------------------|--------------------------------------------|
| Dec. 31, 1968 _____ | $2,047.59 | |
| Dec. 31, 1969 _____ | 6,192.14 | |
| Dec. 31, 1970 _____ | 9,680.40 | |

4. Set forth those adjustments, i.e. changes, in the notice of deficiency with which you disagree and why you disagree.

Petitioner pleaded guilty to 1971 tax yr. deficiency in October of 1974 in Federal District Ct, Eastern District of Wis. Judge Reynolds presiding. Petitioner pleaded guilty to the Dec. 31, 1971 tax year deficiency on the condition that deficiencies for tax years 1968, 1969, and 1970 would be dropped. The Notice of Deficiency dated Apr. 15, 1975 did not reflect the agreed upon dismissal of the 1968, 1969, and 1970 tax deficiencies. Petioner [sic] requests that the agreement to drop the deficiencies for 1968, 1969 and 1970 tax years be honored.

Petitioner also wishes to contest the value of the stated deficiencies for tax years 1968, 1969 and 1970 on the ground that he did not owe that much tax.

On August 22, 1975, the Commissioner filed his answer and simultaneously moved to have the unpetitioned adjustments set forth in the notice of deficiency deemed conceded. The unpetitioned adjustments were the additions to tax for the years 1968 through 1970. The Commissioner also stated in such motion that the Court was without jurisdiction over the year 1971 since no issues for such year were raised in the petition.

On November 7, 1975, an order was entered allowing the petitioner to file an amended petition and denying the Commissioner's motion "without prejudice to the right to renew same at a later date for good cause shown." On November 24, 1975, the petitioner filed an amended petition in which he seeks a redetermination of the deficiencies in and additions to tax for the years 1968 through 1971. The Commissioner's present motion is in response to the amended petition.

The issue to be decided is whether we have jurisdiction over the taxable year 1971 either as a result of the timely filing of the original petition in this case or as a result of the amended petition. The notice of deficiency in this case was mailed to the petitioner in the United States, and section 6213(a) provides that a petition to this Court may be filed within 90 days after the notice of deficiency was mailed to a taxpayer in the United

States. If a petition for 1971 was not timely filed within such 90-day period, we are without jurisdiction over the deficiency in and addition to tax determined in the notice of deficiency for such year and must dismiss the amended petition insofar as it attempts to raise issues for such year. See *C. Frederick Brave, Inc.,* 65 T.C. 1001 (1976); *Estate of Frank M. Archer,* 47 B.T.A. 228 (1942); *I. Frank Sons Co.,* 22 B.T.A. 40 (1931); *John R. Thompson Co.,* 10 B.T.A. 57 (1928).

It has been the consistent policy of this Court to be liberal in treating as petitions all documents filed by taxpayers within the 90-day period if they were intended as petitions. See, e.g., *Michael A. Castaldo,* 63 T.C. 285, 287 (1974); *George Joannou,* 33 T.C. 868 (1960). If such documents do not comply with the form and content requirements for petitions as set forth in our Rules, we are liberal in allowing the taxpayer to file an amended petition to correct the technical defects. See, e.g., *Fletcher Plastics, Inc.,* 64 T.C. 35 (1975); *John L. Brooks,* 63 T.C. 709 (1975); *Norris E. Carstenson,* 57 T.C. 542 (1972); *Anita R. Eaton,* 49 T.C. 227 (1967). However, to be treated as a petition, the document must contain some objective indication that the petitioner contests the deficiency determined by the Commissioner against him. See *Estate of Charles M. DuPuy,* 48 T.C. 918 (1967); *George Joannou, supra.*

The original petition in this case clearly disputed the Commissioner's determination of deficiencies for the years 1968 through 1970. The Commissioner's determination of deficiencies and additions to tax for the years 1968, 1969, 1970, and 1971 was attached to the petition, but the petition contained no allegation of error in any manner for the year 1971. There is nothing in the petition indicating that the petitioner was contesting any issue for such year. In such circumstances, we acquired no jurisdiction over the year 1971 as a result of the original petition.

Likewise, the amended petition, filed more than 90 days after the mailing of the notice of deficiency, was too late to confer jurisdiction for 1971. Rule 41(a) provides in part:

No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * *

The explanatory note to Rule 41(a) clearly indicates that an amendment to the petition after the statutory filing period has

expired cannot be used to seek a redetermination of an additional taxable year. 60 T.C. at 1089 (1973); see *Miami Valley Coated Paper Co. v. Commissioner,* 211 F. 2d 422 (6th Cir. 1954), affg. an order of this Court; *Estate of Charles M. DuPuy, supra; Estate of Frank M. Archer, supra; Citizens Mutual Investment Association,* 46 B.T.A. 48 (1942); *John R. Thompson Co., supra.* Thus, the amended petition did not give us jurisdiction to redetermine the deficiency in or addition to tax for 1971.

The petitioner argues that pursuant to Rule 13(a) and section 6213(a), the Court acquired jurisdiction for all the taxable years contained in the notice of deficiency by filing a petition contesting some of such years. That Rule and section do not support the petitioner's argument; they merely provide that this Court has jurisdiction to redetermine a deficiency for a taxable year only when the Commissioner has issued a notice of deficiency for such year and when a petition contesting such deficiency is filed with this Court. "Each year is the origin of a new liability and of a separate cause of action." *Commissioner v. Sunnen,* 333 U.S. 591, 598 (1948). The fact that separate taxable years are contained in one notice of deficiency does not mean that each of such years is automatically raised by filing a petition contesting some of such years. See *Miami Valley Coated Paper Co. v. Commissioner, supra; Citizens Mutual Investment Association, supra; John R. Thompson Co., supra.* The terms of the petition must be examined to ascertain which of the years has been put in issue by an indication that the determination for that year is disputed.

Accordingly, it is clear that we have no jurisdiction to redetermine the deficiency in and addition to tax for 1971 and must grant the Commissioner's motion to strike all references to the taxable year 1971 in the amended petition. If the petitioner wishes to contest his tax liability for 1971, he must do so in another forum.

*An appropriate order will be issued.*