LAWRENCE J. FRANKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franks v. Commissioner
Docket No. 29925-85.
United States Tax Court
T.C. Memo 1986-470; 1986 Tax Ct. Memo LEXIS 139; 52 T.C.M. (CCH) 626; T.C.M. (RIA) 86470; September 23, 1986. *139 Respondent issued notices of deficiency to petitioner with respect to his taxable years 1980 and 1981. Petitioner timely filed a petition with this Court which referred only to the notice of deficiency issued for the taxable year 1981. After the 90-day period for filing had expired, petitioner amended his petition to also dispute the deficiency determined for the taxable year 1980. Respondent subsequently filed a motion to dismiss for lack of jurisdiction as to the taxable year 1980. Held, the petition filed by petitioner was not intended to raise the taxable year 1980 and respondent's motion is therefore granted. O'Neil v. Commissioner,66 T.C. 105 (1976). Joseph Wetzel, for the petitioner. Ralph Jones, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: On January 27, 1986, respondent timely filed a motion to dismiss this case insofar as it relates to the taxable year 1980 for lack of jurisdiction and to strike all references to the taxable year 1980 from the amended petition. The motion was based on respondent's contention that the petition filed by petitioner did not raise the taxable year 1980 and that no other petition was filed within the statutory 90-day period with respect to the taxable year 1980. See section 6213; Rules 13(c), 40 and 52. [1] A hearing was held on the motion on June 10, 1986. On May 31, 1985, two notices of deficiency were dated and sent to petitioner. One of the notices related to the taxable year 1980 and determined a deficiency of $704,679. The other *141 notice related to the taxable year 1980 and determined a deficiency of $845,829. The notices bore the same identifying symbols and made adjustments primarily related to the same investments of petitioner. On August 5, 1985, petitioner filed a petition with this Court which referred explicitly only to the taxable year 1981. The relevant portions of the petition stated as follows: Pursuant to 26 U.S.C. 6213(a), 6214, and 7451, the petitioner hereby petitions for a redetermination of the alleged deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency dated May 31, 1985 (symbols AP:POR:90D:GC:PW), and as a basis for his case alleges as follows: * * * 2. A complete copy of the respondent's notice of deficiency (including all applicable schedules) is attached * * *. 3. The alleged deficiency as determined by the Commissioner is in income taxes as follows: Calendar Year
Amount
1981
$845,829.00
All of that amount is in dispute. Also in dispute is respondent's failure to determine an overpayment of income taxes as alleged in paragraph 4(g), and respondent's assertion of additional interest under 26 U.S.C. 6621 *142 (d) in an unstated amount. * * * Wherefore, petitioner prays that the court determine that there is no deficiency in petitioner's federal income tax for the calendar year 1981; that there is a refund to be received for the calendar year 1981 as alleged in paragraph 5(d), which amount is to be refunded to the petitioner with interest as provided by law, and that petitioner has no liability to the federal government for the calendar year 1981 under 26 U.S.C. 6621(d). The attached notice of deficiency was the notice of deficiency issued by respondent for the taxable year 1981. On December 23, 1985, petitioner filed a motion for leave to file an amendment to petition. This motion stated that amendment of the petition was necessary to set out allegations and a prayer with respect to the taxable year 1980. This motion was granted on January 2, 1986. Subsequently, respondent filed his motion to dismiss for lack of jurisdiction as to the taxable year 1980. The issue for decision is whether the petition filed in this case is sufficient to give us jurisdiction over the taxable year 1980. The amended petition cannot independently confer jurisdiction upon this *143 Court because it was filed more than 90 days after the issuance of the notices of deficiency. Section 6213(a); Rules 13(c), 41(a). The consistent policy of this Court has been to treat as petitions all documents which are filed within the 90-day period and which are intended to be petitions. See, e.g., Castaldo v. Commissioner,63 T.C. 285, 287 (1974); Joannou v. Commissioner,33 T.C. 868 (1960). When such documents do not conform with the technical requirements for petitions, we have been liberal in allowing the filing of amended petitions. See, e.g., Fletcher Plastics, Inc. v. Commissioner,64 T.C. 35 (1975); Brooks v. Commissioner,63 T.C. 709 (1975); Carstenson v. Commissioner,57 T.C. 542 (1972). "However, to be treated as a petition, the document must contain some objective indication that the petitioner contests the deficiency determined by the Commissioner against him." O'Neil v. Commissioner,66 T.C. 105, 107 (1976). See also Estate of DuPuy v. Commissioner,48 T.C. 918 (1967). We must therefore look to the petition in this case to determine whether there *144 is some objective indication that petitioner was contesting the deficiency determined by respondent for the taxable year 1980. Petitioner argues that the petition does contain objective indications of its application to the taxable year 1980, which include that the petition (1) identifies the matters petitioned by reference to the identification symbols and the date of the two notices, (2) assigns errors which are responsive to the adjustments made in both of the notices, and (3) makes a factual allegation with regard to losses in more than one year. When viewed in the context of the whole petition, however, we do not find that any of these facts demonstrate the petition's application to the taxable year 1980. The notices of deficiency in this case were issued on the same date and had the same identification symbols, and the petition referred to this date and identification symbols. Throughout the petition, however, the terms "notice of deficiency" and "deficiency" were used in the singular. Paragaraph 2 of the petition stated that the notice of deficiency was attached to the petition. The notice for the taxable year 1981 was attached to the petition while the notice for 1980 *145 was not. Paragraph 3 of the petition sets out the deficiency determined for the year 1981 and states that the entire amount is in dispute. Neither the taxable year 1980 nor the deficiency amount for 1980 are referred to in the petition. The fact that the petition assigns errors which are responsive to the adjustments made in both of the notices is the result of the adjustments for each year relating to the same investments of petitioner. The petition could not assign errors which would have been responsive in substance to only one of the notices of deficiency. Petitioner's contention that the petition makes a factual allegation with regard to losses in more than one year is based on paragraph 5(g) of the petition, which states "[i]f the investment losses claimed in any year are disallowed, then a coordinate adjustment is required whereby any investment gains are to be removed from income." The investment losses referred to were the result of straddle transactions and, in 1981, petitioner had gains from identical straddles entered into in prior years. Read in this light, paragraph 5(g) does not necessarily refer to any year other than 1981. Further, we note that it is the *146 nature of these transactions that any gains recognized which are correlative to the losses recognized in 1981 almost certainly occurred in years subsequent to 1981. See, e.g., Perline v. Commissioner,86 T.C. 388 (1986); Forseth v. Commissioner,85 T.C. 127 (1985); Miller v. Commissioner,84 T.C. 827 (1985). The facts in this case cannot be distinguished from those of O'Neil v. Commissioner,66 T.C. 105 (1976). In O'Neil, respondent issued a notice of deficiency to the taxpayer which covered four consecutive years. The taxpayer filed a timely petition with this Court and attached a copy of the notice of deficiency. The petition clearly referred to and made objections to the deficiencies determined for the first three years but did not mention the fourth year or the deficiency determined for the fourth year. We held that the petition did not confer jurisdiction upon us over the fourth year. In the case now before us, the petition not only failed to refer to the deficiency determined for the taxable year 1980 but also did not include a copy of the notice of deficiency for that year. The objective factors indicating *147 that the petition referred to the year in dispute would therefore seem to be weaker in this case than in O'Neil. Such factors are, in fact, completely absent in this case. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954 in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩