GARY W. FRAZEE AND LILY D. FRAZEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JERRY L. FRAZEE AND CONSTANCE J. FRAZEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frazee v. Commissioner
Docket Nos. 5277-88; 5279-88.
United States Tax Court
T.C. Memo 1988-281; 1988 Tax Ct. Memo LEXIS 305; 55 T.C.M. (CCH) 1166; T.C.M. (RIA) 88281; June 28, 1988. *305 Respondent sent notices of deficiency determining deficiencies for each of 4 years. Petitioners filed timely petitions to redetermine the deficiencies determined for the first 3 years; the petitions did not refer to the fourth year. After the 90-day period for filing petitions expired, petitioners sought to amend their petitions to redetermine the deficiencies for the fourth year. Held: This Court lacks jurisdiction to redetermine the deficiencies for the fourth year. O'Neil v. Commissioner,66 T.C. 105 (1976); Rule 41(a), Tax Court Rules of Practice & Procedure.
Bill Bowman, for the petitioners. Sara J. Barkley, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: The instant cases are before us on respondent's *307 motion in each case to dismiss for lack of jurisdiction as to 1984. Background
By notices of deficiency sent to the respective petitioners on December 18, 1987, respondent determined deficiencies in Federal individual income tax as follows: Year
Deficiency
George W. Frazee and Lily D.
1980
$  9,380
Frazee, docket No. 5277-88
1981
864
1983
15,493
1984
3,735
Jerry L. Frazee and Constance J.
1980
$ 10,264
Frazee, docket No. 5279-88
1981
281
1983
15,238
1984
4,035
On March 17, 1988, petitioners in each case filed their petition. The petition in each case states, in pertinent part, as follows: 1. Petitioners previously filed their income tax returns for the year ending December 31, 1980, December 31, 1981, and December 31, 1983, under status as a married couple filing a joint return, which returns were filed with the office of the Internal Revenue Service at Ogden, Utah, on or before the due dates therefor. * * * WHEREFORE, Petitioners pray that the Court determine that there is not a deficiency in income tax in respect to the above-identified matters for the years above stated;
The petition in each case *308 does not state any year other than the years stated in the above-quoted paragraph 1 (i.e., 1980, 1981, and 1983). Attached to the petition in each case is a copy of the respective notice of deficiency, which disallows claimed deductions for 1983 and 1984, disallows claimed investment credit for 1983, and disallows claimed investment credit carrybacks from 1983 to 1980 and 1981. All the adjustments relate to distributive shares of income, losses, and credits from a partnership. [1]
*309 The 90-day period for timely filing of a petition in each case expired on March 18, 1988. On May 2, 1988, in each case, petitioners submitted an "amended petition" which states as follows: The Petitioners hereby amend their previously filed PETITION so as to incorporate the tax year ending December 31, 1984, the Petitioners hereby contesting the assessment of tax for that year as contained in the STATUTORY NOTICE OF DEFICIENCY dated December 18, 197, which contest is based upon the same grounds as stated in the originally filed PETITION. WHEREFORE, Petitioners pray that the Court determine that there is not a deficiency in income tax in respect to the year ending December 31, 1984. In docket No. 5277-88, the amended petition was filed; in docket No. 5279-88, the amended petition was lodged; in both cases, respondent's motion to dismiss as to 1984 was filed on May 2, 1988, and was calendared for hearing at the Court's regular trial session scheduled to begin in Denver, Colorado, on May 23, 1988. [2]
The parties submitted stipulations and argued *310 the motions on May 24, 1988, pursuant to an agreement reached in a telephonic conference with the Court on May 17, 1988. At that telephonic conference, the Court drew the parties' attention to our recent opinions in Normac, Inc. v. Commissioner,90 T.C. 142 (1988), and Hill v. Commissioner,T.C. Memo. 1988-198. The instant cases have been consolidated for trial, briefs, and opinion. Jurisdiction
Petitioners contend that they intended to include in their respective petitions a challenge to respondent's determinations as to 1984 and that, viewed as a whole, the petitions do challenge 1984. Petitioners point out that the notices of deficiency, including the 1984 determinations, are attached to their respective petitions. Respondent argues that the petitions do not state that they assert error as to respondent's notice of deficiency determinations regarding 1984 and that the prayers for relief in the petitions make it plain that respondent's determinations as to only 1980, 1981, and 1983 are being challenged. We agree with respondent. Rule 43 [3] provides for amended and supplemental pleadings. Rule 41(a) then provides the following: *311 No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. Petitioners' "amended petitions" were submitted to the Court more than 6 weeks after the end of the 90-day period for filing the petitions. See sec. 6213(a). The petitions that were timely filed did not deal with 1984. The prayers for relief referred to "the years above stated." The only "years above stated" were 1980, 1981, and 1983. The petitions made no statement as to 1984. Petitioners' "amended petitions" would have the purpose and effect of giving us jurisdiction over respondent's determinations as to 1984. Accordingly, under the text of Rule 41(a), petitioners' amendments are not to be allowed. It has been this Court's policy to be generous to taxpayers in treating as petitions all documents filed by taxpayers within the 90-day period, where the documents were intended to be petitions from notices of *312 deficiency, etc. See, e.g., Castaldo v. Commissioner,63 T.C. 285, 287 (1974); Joannou v. Commissioner,33 T.C. 868 (1960). However, in order to be treated as a petition from a particular notice of deficiency, the document must contain some objective indication that the taxpayer contests the deficiency determined by respondent against that taxpayer. O'Neil v. Commissioner,66 T.C. 105, 107 (1976). O'Neil v. Commissioner, supra, is squarely in point. In O'Neil, respondent had sent a notice of deficiency to the taxpayer determining deficiencies for each of 4 years. The taxpayer's timely petition specifically disputed the deficiencies determined for the first three of these years. After the expiration of the 90-day period for filing a petition, the taxpayer filed an amended petition disputing all 4 years. We granted respondent's motion to dismiss as to the fourth year. [4] See Normac, Inc. v. Commissioner, supra.
*313 Petitioners point to the related subject matter of the disputes as to all 4 years in each notice of deficiency. This relationship of subject matter does not serve to give us jurisdiction where otherwise we do not have jurisdiction. [5]Normac, Inc. v. Commissioner,90 T.C. at 148. Accordingly, we must grant respondent's motion to [Text Deleted by Court Emendation] dismiss as to 1984 in each of the cases. if petitioners wish to contest respondent's determinations of deficiencies as to 1984, they must do so in another forum (unless the Congress amends existing law to give this Court jurisdiction over such refund suits). [6]
*314 We hold for respondent. An appropriate order will be issued granting respondent's motion to dismiss as to 1984 in each docket.
Footnotes
1. The parties have agreed that for 1983 and 1984, the partnership, Bison Investment Company, had fewer than 10 partners, each of these partners was a natural person who was not a nonresident alien, and each partner's share of each partnership item was the same as his or her share of every other item. As a result, Bison Investment Company was a small partnership under the exception provisions of sec. 6231(a)(1)(B)(i). Further, the parties have agreed that, for 1983 and 1984, there was no election in effect under sec. 6231(a)(1)(B)(ii). As a result, Bison Investment Company was not a so-called "TEFRA partnership" for 1983 and 1984, the partnership litigation provision of subchapter C of chapter 63 (secs. 6221 et seq.) do not apply, and disputes regarding partnership items are to be dealt with under the deficiency procedures of subchapter B of chapter 63. Unless indicated otherwise, all section, subchapter, and chapter references are to sections, subchapters, and chapters of the Internal Revenue Code of 1986 as in effect for the date the petitions were filed in the instant case. ↩
2. In both cases, petitioners, who reside in Colorado Springs, Colorado, designated Denver, Colorado, as the place of trial. ↩
3. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice & Procedure. ↩
4. See Franks v. Commissioner,T.C. Memo. 1986-470, affd. without published opinion 828 F.2d 23 (CA9 1987); Hill v. Commissioner,T.C. Memo. 1988-198↩. 5. Sec. 6214(b) gives us jurisdiction to consider the facts with relation to 1984 to the extent that it is necessary to do so in order to redetermine the deficiencies that are in dispute as to 1980, 1981, or 1983, but that section does not give us jurisdiction to redetermine the deficiencies that have been determined as to 1984. ↩
6. See sec. 136 of S. 2223, the Omnibus Taxpayer Bill of Rights↩, which would permit petitioners to sue for refunds in this Court and so would facilitate consistent treatment and avoid significant increases in their costs of litigation. S. 2223 was reported favorably by the Senate Finance Committee on March 29, 1988. The Committee's report is S. Rept. 100-309.