THOMAS E. TRUSKOWSKY AND SUSAN L. TRUSKOWSKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Truskowsky v. Commissioner
Docket No. 28857-87.
United States Tax Court
T.C. Memo 1988-319; 1988 Tax Ct. Memo LEXIS 347; 55 T.C.M. (CCH) 1332; T.C.M. (RIA) 88319; July 26, 1988. Jeffrey Bock, for the petitioners. Robert Saal, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was considered pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986. [1]
*348 This case is before the Court on two motions. First, respondent's motion to dismiss for lack of jurisdiction as to petitioner Susan L. Truskowsky, and to change caption; and second, petitioners' motion for leave to amend petition embodying amendment. On May 26, 1987, respondent sent a notice of deficiency addressed to "Thomas E. Truskowsky" relating to the taxable year 1980. Respondent determined a deficiency in income tax for 1980 in the amount of $ 3,047, together with an addition to tax pursuant to section 6621(d). On the same date, respondent also sent a joint notice of deficiency addressed to "Mr. Thomas Truskowsky and Mrs. Susan Truskowsky" relating to the taxable year 1981. Respondent determined a deficiency in income tax for 1981 in the amount of $ 2,172, together with an addition to tax pursuant to section 6621(d). Petitioners, husband and wife, filed a joint petition with the Court on August 27, 1987. Although both notices of deficiency were attached to the petition, the petition contained references only to the 1980 taxable year. No mention was made of the 1981 taxable year. On October 20, 1987, respondent filed a motion to dismiss for lack of jurisdiction as to *349 petitioner Susan L. Truskowsky, and to change caption. In support of his motion, respondent alleged the following: (1) respondent mailed two notices of deficiency on May 26, 1987, one for 1980 addressed solely to Thomas E. Truskowsky, and another for 1981 addressed to Thomas E. Truskowsky and Susan L. Truskowsky; (2) petitioners filed a joint petition with the Court; (3) petitioners attached both notices of deficiency to their joint petition; (4) petitioners sought a redetermination of the deficiency for 1980 only; (5) petitioners made no mention of the taxable year 1981 in the petition; and (6) the 90-day period for filing a petition with the Court for 1981 expired on August 24, 1987. Respondent contends that because the notice of deficiency for 1980 was not mailed to Susan L. Truskowsky, and because the 1981 year was not placed in dispute, Susan L. Truskowsky is not a proper party before the Court. Therefore, the Court lacks jurisdiction over her and the caption should be changed deleting Susan L. Truskowsky as a party petitioner. The Court permitted petitioners to file an objection to respondent's motion. On December 7, 1987, petitioners filed: (1) an objection to respondent's *350 motion containing a legal memorandum; and (2) a motion for leave to amend petition embodying the amended petition, together with a supporting memorandum of law. The Court then permitted respondent to file an objection to petitioners' motion. Respondent's objection containing a legal argument was filed on February 19, 1988. Petitioners seek leave to file the amended petition "to clarify their Petition, to reflect the clear fact that the Petition was for a redetermination of deficiencies in tax set forth for the years 1980 and 1981." Petitioners argue that they included 1981 in their petition by filing a joint petition and by attaching both notices of deficiencies to the joint petition. Furthermore, they maintain that if petitioner-husband had intended to file a petition for 1980 only, they would not have filed a joint petition. Therefore, respondent's motion to dismiss and change caption should be denied and petitioners' motion for leave to file amended petition should be granted. We are faced with the question of whether the petition filed with this Court is sufficient to confer jurisdiction over the taxable year 1981. The amended petition cannot independently confer jurisdiction *351 upon the Court for 1981 because it was filed more than 90 days after the issuance of the notice of deficiency. O'Neil v. Commissioner,66 T.C. 105, 107-108 (1976); sec. 6213(a); Rules 13(c), 41(a). If we find that the petition confers jurisdiction for the 1981 taxable year, then respondent's motion to dismiss will be denied, and petitioners' motion to amend petition will be granted. This Court has been liberal in treating as a petition any document filed by a taxpayer within the 90-day period, if it was intended as a petition. O'Neil v. Commissioner, supra at 107, and cases cited therein. See also Normac, Inc. v. Commissioner,90 T.C. 142, 147 (1988). Furthermore, when such documents do not comply with the form and content requirements for petitions as set forth in our Rules, we are liberal in allowing the taxpayer to file an amended petition to correct the technical defects. See, e.g., Fletcher Plastics, Inc. v. Commissioner,64 T.C. 35 (1975); Brooks v. Commissioner,63 T.C. 709 (1975); Carstenson v. Commissioner,57 T.C. 542 (1972). However, to be deemed a petition, the document *352 must contain some objective indication that petitioner contests the deficiency determined by respondent against him. O'Neil v. Commissioner, supra at 107. After careful consideration, we find that petitioners intended to petition both the 1980 and 1981 taxable years. By filing a joint petition and attaching both notices of deficiency, petitioners clearly intended to seek a redetermination of the deficiency for 1980 applicable solely to Thomas E. Truskowsky, and a redetermination of the joint deficiency for 1981 applicable to Thomas E. Truskowsky and Susan L. Truskowsky. See Rules 13(a), 32(a), and 34(a) (1). This case is distinguishable from O'Neil v. Commissioner, supra, and Normac, Inc. v. Commissioner, supra, upon which respondent relies. [2] In O'Neil, respondent sent to one taxpayer, one notice of deficiency covering four years. The year omitted from the petition was covered by that notice of deficiency. In the instant case, respondent sent two separate notices of deficiency addressed to different taxpayers. The notice of deficiency for 1980 was addressed to petitioner-husband individually, while the notice for 1981 *353 was addressed jointly to petitioner-husband and petitioner-wife. If the petition herein had been captioned solely in petitioner-husbands name, merely attaching the notice of deficiency for 1981 to the petition, without mentioning the 1981 year, would not have been sufficient to confer jurisdiction upon this Court for that year. However, because the petition is captioned in the names of both petitioner-husband and petitioner-wife, coupled with the fact that the deficiency notices for 1980 and 1981 were attached, it is clear that they manifested an intent to seek a redetermination for 1981 as well as 1980. In Normac v. Commissioner, supra, respondent sent two separate notices of deficiency to two different, but related taxpayers. One notice of deficiency was addressed *354 to Normac, Inc., the parent corporation, while another notice was addressed to Normac International, Ltd. (International), a subsidiary. Although the petition was captioned to include the names of both the parent corporation and its subsidiary, the notice of deficiency to International was not attached to the petition. Indeed, the taxpayers were unaware of the existence of the notice of deficiency sent to International. In the instant case, not only did petitioners caption the petition in both names, they also attached the notices of deficiency for 1980 and 1981 to the petition. In view of the above we hold that the petition filed by the taxpayers conferred jurisdiction upon this Court for both the 1980 and 1981 taxable years. Accordingly, we will deny respondent's motion to dismiss and grant petitioners' motion for leave to file amended answer to clarify petition. An appropriate order will be issued.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This case is also distinguishable from Frazee v. Commissioner,T.C. Memo. 1988-281, Hill v. Commissioner,T.C. Memo. 1988-198, and Franks v. Commissioner,T.C. Memo. 1986-470, affd. without published opinion 828 F.2d 23 (9th Cir. 1987), which are factually analogous to O'Neil v. Commissioner,66 T.C. 105↩ (1976).