SHEILA A. MCCONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McConnell v. Commissioner
Docket No. 17967-91
United States Tax Court
T.C. Memo 1992-208; 1992 Tax Ct. Memo LEXIS 226; 63 T.C.M. (CCH) 2694; April 7, 1992, Filed *226 An appropriate order will be entered. Jay Howard Linn for petitioner. Ladd Brown for respondent. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was assigned and heard pursuant to the provisions of section 7443A(b)(4). [1] The case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. By a notice of deficiency mailed May 7, 1991, respondent determined a deficiency in petitioner's 1986 income tax in the amount of $ 5,954. The Court received a petition from petitioner on August 12, 1991. The petition was in an envelope with a United States Postal Service mark that bears the date "August 7, 1991." Respondent moved to dismiss the case for lack of jurisdiction on the ground that the petition was untimely. At the time the petition was filed, petitioner resided in North Miami Beach, Florida. Section 6213(a) provides, with exceptions not relevant here, *227 that a taxpayer may file a petition with this Court within 90 days "after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day)". Section 7502(a) provides that timely mailing is considered to be timely filing. The time limit in section 6213(a) is jurisdictional and unless a petition is timely filed, the Court must dismiss the case. O'Neil v. Commissioner, 66 T.C. 105, 107 (1976). In the case before the Court, it is undisputed that the statutory notice was mailed May 7, 1991, and that the petition was not mailed until August 7, 1991, which is 92 days after the mailing of the notice. Petitioner contends, however, that the date on the notice appears to be May 17, 1991. See Traxler v. Commissioner, 61 T.C. 97 (1973). We have reviewed the notice received by petitioner and the copy of that notice retained by respondent and find that the notice received by petitioner was dated May 7, 1991. There is no dispute that the notice was mailed on May 7, 1991. The petition, therefore, was not timely filed, and the case must be dismissed. Hurst, Anthony & Watkins v. Commissioner, 1 B.T.A. 26 (1924).
*228 An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and effect for the year in question.↩