BRUCE I. AND HARRIET B. HOCHMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hochman v. Commissioner
Docket No. 21471-86
United States Tax Court
T.C. Memo 1995-99; 1995 Tax Ct. Memo LEXIS 98; 69 T.C.M. (CCH) 2050; March 9, 1995, Filed *98 An appropriate order will be entered granting petitioners' motion to dismiss 1982 for lack of jurisdiction. For petitioners: Avram Salkin. For respondent: Roger L. Kave. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case is before the Court on petitioners' Motion to Dismiss Taxable Year 1982 for Lack of Jurisdiction. In a notice of deficiency mailed March 27, 1986, respondent determined the following deficiencies and additions to tax for the taxable years 1980, 1981 and 1982: Additions to Tax
YEAR
DEFICIENCY
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 144,153.76
$ 7,207.69
-0-
1981
365,350.00
18,267.50
[1]
1982
14,836.10
741.81
[2]
Respondent also determined for all 3 years that the deficiencies in income tax were substantial underpayments attributable to tax-motivated transactions for purposes of computing interest under section 6621(d). [1]
*99 A petition was timely filed by petitioners. The first unnumbered paragraph of the petition states: Petitioners hereby petition for a redetermination of the deficiencies for the years 1980 and 1981 set forth by the Commissioner of the Internal Revenue in his notice of deficiency (bearing symbols DO95: E:90-Day:OE) dated March 27, 1986, and as the basis of their case allege as follows: * * * [Emphasis added.]
Paragraph 3 of the petition, after setting forth a table reflecting respondent's determinations, as above, provides as follows: The amount of taxes in controversy for the year 1980 is $ 144,153.76 and for the year 1981 is $ 365,350.00, together with all additions relating thereto. Petitioners do not contest the proposed deficiencies or additions proposed with respect to the year 1982. Accordingly, this petition relates only to the proposed deficiencies for the years 1980 and 1981. [Emphasis added.]
The allegations of error in paragraph 4a through c relate specifically only to the years 1980 or 1981. Paragraph 4d alleges error in that: The assessment of additional interest for tax-motivated transactions was erroneously asserted.
No facts *100 are alleged in paragraph 5a through f, nor paragraphs 6 or 7 pertaining to taxable year 1982. Finally, the prayer of the petition states: Wherefore, Petitioners pray that the Court enter judgment to the effect that no deficiency exists for the years 1980 and 1981.
Respondent timely filed an Answer admitting the allegations of paragraph 3 and denying the allegations of paragraph 4a through d. In the Answer, respondent prayed that respondent's determinations as set forth in the notice of deficiency be in all respects approved and that the Court determine the portion of the deficiencies for each of the taxable years 1980, 1981, and 1982 which constitutes a substantial underpayment attributable to tax-motivated transactions for purposes of computing the interest payable with respect to such amount, pursuant to I.R.C. section 6621(d)(4).
The parties have reported to the Court that all issues regarding 1980 and 1981 have been resolved, but that respondent's position is that the Court does have jurisdiction over 1982. Accordingly, petitioners have filed their motion to dismiss for lack of jurisdiction with respect to 1982 on the ground that the petition does not contest *101 any of respondent's determinations for 1982. Respondent has filed an objection to petitioners' motion contending that petitioners' failure to allege error in paragraph 4d of the petition with regard to specific years, whereas the allegations of paragraph 4a through c pertain to specific years, raises the inference that petitioners intended to litigate section 6621(d) for 1982; therefore, respondent contends the Court has jurisdiction over 1982. We disagree. Jurisdiction over a taxable year in this Court depends upon a timely filed petition with respect to a valid notice of deficiency for said taxable year. However, in order to be treated as a petition from a particular notice of deficiency, the petition must contain some objective indication that the taxpayer contests the deficiency determined by respondent against that taxpayer. O'Neil v. Commissioner, 66 T.C. 105, 107 (1976). Conversely, where the taxpayer indicates no intent to contest a deficiency determined by respondent for a particular tax year, the Court cannot acquire jurisdiction of that tax year, notwithstanding the fact that such year is included in a notice of deficiency with other *102 years which are petitioned to the Court. This issue typically arises where taxpayers neglect to include objective indications that they intend to contest a deficiency for a particular year and seek to file an amended petition beyond the 90-day period to include that year; e.g., O'Neil v. Commissioner, supra; Frazee v. Commissioner, T.C. Memo. 1988-281. However, the principle expressed in those cases is applicable to the instant case. Not only have petitioners not made any objective indication to contest the 1982 deficiency, clearly, petitioners have stated exactly the opposite, that they have no desire to petition 1982. This was acknowledged by respondent's admitting the allegations of paragraph 3. Notwithstanding the fact that petitioners failed to mention any specific taxable years in their allegations of error in paragraph 4d of the petition (while alleging specific years in paragraph 4a through c thereof), we are satisfied that petitioners did not intend to make any allegations of error or fact with respect to 1982 throughout the petition. This is confirmed by a close reading of all of the allegations within *103 paragraphs 4, 5, 6, and 7 of the petition, as well as petitioners' prayer for relief. In the context of this petition, we cannot find jurisdiction over 1982 based upon a failure to refer to any taxable year in paragraph 4d, as contended by respondent. Accordingly, we lack jurisdiction over taxable year 1982, and we will grant petitioners' motion. An appropriate order will be entered granting petitioners' motion to dismiss 1982 for lack of jurisdiction. Footnotes
1. 50 percent of the interest due on $ 365,350↩
2. 50 percent of the interest due on $ 14,836.10↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. For 1980, the applicable Code sec. is sec. 6653(a), while sec. 6653(a)(1) is applicable for 1981 and 1982.↩