T.C. Memo. 2016-106

UNITED STATES TAX COURT

MARCO A. FRAUSTO, INC., AND MARCO A. FRAUSTO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13533-15.                           Filed May 26, 2016.

Marco A. Frausto, pro se.

<u>Steven Mitchell Roth</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before the Court on respondent's motion
to dismiss for lack of jurisdiction.  As explained below, we will grant respondent's
motion.

[*2]                               Background

On February 27, 2015, respondent mailed petitioners two separate notices of deficiency--one addressed to Marco A. Frausto and one addressed to Marco A. Frausto, Inc. (corporation). A single petition was filed with the Court on May 22, 2015, in the name of Marco A. Frausto and signed by Marco A. Frausto in his individual capacity. However, attached to the petition was the notice of deficiency addressed to the corporation. The petition does not have attached to it the notice of deficiency addressed to Mr. Frausto.

At the time he filed the petition, Mr. Frausto resided in California. The Court is unable to determine in which State the corporation is incorporated.

Respondent moves to dismiss arguing that the Court lacks jurisdiction over both the corporation and Mr. Frausto.

                                 Discussion

I.    Motion To Dismiss as to the Corporation

Respondent argues that the Court lacks jurisdiction over the corporation because Mr. Frausto lacks the capacity to represent the corporation before this Court.

Rule 60(a) provides that a case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency or by and with

**[\*3]** the full descriptive name of the fiduciary entitled to institute a case on behalf of that person.[1] Rule 60(c) provides that "[t]he capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized. The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived". Petitioners bear the burden of proving that this Court has jurisdiction. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960).

In order to determine whether Mr. Frausto maintains the capacity to represent the corporation under Rule 60(c), we must first apply the proper State law. The record, however, does not show in which State, if any, the corporation was organized. In fact, Mr. Frausto chose not to attend the hearing where he could have provided the relevant information. Thus, in the absence of any evidence to support our jurisdiction over the corporation, we hold that Mr. Frausto does not have the capacity under Rule 60(c) to litigate in this Court on behalf of the corporation.

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]**    Even if we were to find that Mr. Frausto had the capacity to represent the corporation before this Court, we would still dismiss this case because the petition was not filed in accordance with Rule 60(a).  When Mr. Frausto filed the petition, he did so in his individual capacity rather than in a capacity as a representative of the corporation.  The petition identifies petitioner as "Marco A. Frausto".  If the petition was intended to be filed on behalf of the corporation, the name of petitioner should have read "Marco A. Frausto, Inc."  Furthermore, the petition is signed by Mr. Frausto in his individual capacity.  If the petition was intended to be filed on behalf of the corporation, the signature should have read "Marco A. Frausto, Inc., by Marco A. Frausto, President".  See Rule 23(a)(3) ("[T]he signature of a petitioner corporation or unincorporated association shall be in the name of the corporation or association by one of its active and authorized officers or members, as for example 'Mary Doe, Inc., by Richard Roe, President'".).

For the reasons stated above, we lack jurisdiction over the corporation.

II.    Motion To Dismiss as to Mr. Frausto in His Individual Capacity

Respondent argues that the Court lacks jurisdiction over Mr. Frausto in his individual capacity because the petition does not have the proper notice of deficiency attached to it and fails to set forth allegations of error as to the deficiencies determined against him individually.

**[\*5]** Rule 34(a) provides that "[o]rdinarily, a separate petition shall be filed with respect to each notice of deficiency or each notice of liability. * * * The petition shall be complete, so as to enable ascertainment of the issues intended to be presented." For a petition to be considered complete it must set forth allegations of error and a copy of the applicable notice of deficiency shall be attached to it. Rule 34(b)(4), (8). The failure of a petition to satisfy these requirements may result in dismissal of the case. Rule 34(a).

We have previously addressed whether dismissal for lack of jurisdiction is appropriate under similar circumstances. In <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 144 (1988), the Commissioner sent separate deficiency notices to parent and subsidiary entities. The two entities filed a single petition but failed to attach the notice of deficiency addressed to the subsidiary. <u>Id.</u> We held that we lacked jurisdiction over the subsidiary entity because the petition did not indicate the amounts of the deficiencies determined against the subsidiary or the amounts of the deficiencies the subsidiary was contesting. <u>Id.</u> In <u>O'Neil v. Commissioner</u>, 66 T.C. 105, 107 (1976), the taxpayer attached to the petition a notice of deficiency determining three years of deficiencies but set forth allegations of error for only two years. We held that the we lacked jurisdiction over the third year because the taxpayer failed to set forth allegations of error for that year. <u>Id.</u>

**[\*6]**  Similar to the taxpayers in <u>Normac</u>, Mr. Frausto did not attach the appropriate notice of deficiency to the petition.  Furthermore, the petition does not indicate the amounts determined against him individually nor the amounts of the deficiencies he is contesting.  In fact, the petition makes no reference at all to the notice of deficiency addressed to Mr. Frausto in his individual capacity.  And much like the taxpayer in <u>O'Neil</u>, Mr. Frausto does not set forth allegations of error as to the deficiencies determined against him individually.  Accordingly, we find that we lack jurisdiction over Mr. Frausto in his individual capacity as well.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal for lack of jurisdiction</u>

<u>will be entered</u>.