INVERWORLD, LTD., PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 27090-90.        Filed January 27, 1992.

*William L. Bricker, Jr.* and *Robert D. Whoriskey,* for petitioner.
*Jill A. Frisch,* for respondent.

OPINION

NIMS, *Chief Judge:*  This case is before the Court on petitioner's motion for leave to file amendments to petition filed pursuant to Rule 41(a).  (All Rule references are to the Tax Court Rules of Practice and Procedure.  Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue.)

*Background*

Petitioner is a Cayman Island corporation with its registered

office in Grand Cayman, B.W.I. On September 7, 1990, respondent issued two separate statutory notices to petitioner which relate to petitioner's tax liability for the years 1984, 1985, and 1986. (Hereinafter, the two notices will be referred to as the notice of liability and the notice of deficiency.)

## The Notice of Liability

The opening paragraph of the notice of liability states:

In accordance with the provisions of existing internal revenue laws, notice is given that the determination of your liability for withholding of income tax as source for the taxable years ended December 31, 1984, December 31, 1985 and December 31, 1986 discloses a deficiency of $8,071,168.00, $16,697,809.00 and $21,610,869.00, respectively.

A chart contained in the notice of liability sets forth the amounts of the deficiencies and additions to tax determined by respondent as follows:

| | | Additions to tax | | | |
|------|------------|-------------|------------------|---------------------|------------|
| Year | Deficiency | Sec. 6651 | Sec. 6653(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6656 |
| 1984 | $4,891,617 | $1,222,904 | [1]$244,581 | - - - | $489,162 |
| 1985 | 10,119,885 | 2,529,971 | [1]$505,994 | - - - | 1,011,988 |
| 1986 | 13,506,793 | 3,376,698 | - - - | [2]$675,340 | 1,350,679 |

[1]Plus an addition to tax under sec. 6653(a)(2) equal to 50 percent of the interest payable on the deficiency.

[2]Plus an addition to tax under sec. 6653(a)(1)(B) equal to 50 percent of the interest payable on the deficiency.

A Form 5278 (Statement–Income Tax Changes) attached to the notice of liability provides that there were "adjustments to income" in the form of "interest income" for the years 1984, 1985, and 1986 in the amounts of $16,305,390, $33,732,950, and $45,022,643, respectively. After applying a tax equal to "30% of taxable income", the Form 5278 states that the "total corrected income tax liability" for 1984, 1985, and 1986 equals $4,891,617, $10,119,885, and $13,506,793, respectively. The top of the Form 5278 is marked "Return Form No. 1042".

The explanation of adjustments attached to the notice of liability states in part as follows:

It is determined that you received gross income in the form of interest from sources within the United States for nonresident aliens in the amount of $16,305,390.00, $33,732,950.00 and $45,022,643.00 * * * for the taxable years ending December 31, 1984, 1985 and 1986, respectively.

Since Annual Withholding Tax Returns \* \* \* were not filed within the time prescribed by law \* \* \* 25 percent of the tax is added thereto as provided by Section 6651(a)(1) of the Internal Revenue Code.

## The Notice of Deficiency

The opening paragraph of the notice of deficiency states in part:

We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is a notice of deficiency sent to you as required by law. \* \* \*

A chart contained in the notice of deficiency sets forth the amounts of the deficiencies and additions to tax determined by respondent as follows:

| | | | | Additions to tax | | |
| | | Sec. | Sec. | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651 | 6653(a)(1) | 6653(a)(1)(A) | 6655 | 6656 |
| 1984 | $75,201,750 | $18,800,437 | [1]$3,760,087 | - - - | $4,728,022 | $7,520,175 |
| 1985 | 94,427,746 | 23,606,936 | [1]4,721,387 | - - - | 5,441,098 | 9,442,775 |
| 1986 | 183,659,906 | 45,914,976 | - - - | [2]$9,182,995 | 8,866,120 | 18,365,991 |

[1]Plus an addition to tax under sec. 6653(a)(2) equal to 50 percent of the interest payable on the deficiency.
[2]Plus an addition to tax under sec. 6653(a)(1)(B) equal to 50 percent of the interest payable on the deficiency.

A Form 5278 attached to the notice of deficiency states that there were "adjustments to income" in the form of "gross receipts" for the years 1984, 1985, and 1986 in the amounts of $163,482,065, $205,277,709, and $399,260,666, respectively. After applying the section 11 corporate income tax rates (see sec. 882—Tax on Income of Foreign Corporations Connected with United States Business), the Form 5278 states that the "total corrected income tax liability" for 1984, 1985, and 1986 equals $75,201,750, $94,427,746, and $183,659,906, respectively. The top of the Form 5278 is marked "Return Form No. 1120F".

The explanation of adjustments attached to the notice of deficiency states in part as follows:

In the absence of adequate records, your taxable gross receipts for the 1984, 1985 and 1986 tax years have been computed on the basis of bank deposits. Since you failed to file an income tax return, your taxable income is increased $163,482,065, $205,277,709 and $399,260,666 for the 1984, 1985 and 1986 tax years, respectively. See Exhibit A.

Since Income Tax Returns * * * were not filed within the time prescribed by law  * * * 25 percent of the tax is added thereto as provided by Section 6651(a)(1) of the Internal Revenue Code.

## *The Petition*

On December 3, 1990, petitioner timely filed a petition with respect to its taxable years 1984, 1985, and 1986.  Attached to the petition was a copy of the notice of liability.  The notice of deficiency was not attached to the petition.

The petition in relevant part alleges as follows:

InverWorld Ltd. ("Petitioner") hereby petitions for a redetermination of the tax deficiencies set forth by the Commissioner of Internal Revenue in his Notice of Deficiency (bearing symbols DD:Austin:E:QRS:ES&P:90-D), dated September 7, 1990, and as the basis for its case alleges as follows:

1.  Petitioner is a business with its registered office * * * [in] Grand Cayman, B.W.I.  Petitioner has no principal place of business, principal office, or agency within the United States.
* * * Petitioner was not required to, and did not, file income tax returns for the years involved.

2.  The Notice of Deficiency (a copy of which is attached hereto and marked Exhibit A) was mailed to Petitioner on September 7, 1990 * * *.

3.  The deficiencies as determined by the Commissioner are for income taxes as set forth as follows:

| Taxable Year Ended December 31 | Tax |
|---|---|
| 1984 | $4,891,617 |
| 1985 | $10,119,885 |
| 1986 | $13,506,793 |

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

All of the foregoing amounts are in dispute.

4.  The determination of tax set forth in the said Notice of Deficiency is based on the following errors:

(a) The Commissioner erred in determining that Petitioner received gross income in the form of fixed or determinable, annual or periodic United States source gross interest income in the amount of $16,305,390 in Petitioner's taxable year ended 1984, in the amount of $33,732,950 in Petitioner's taxable year ended 1985, and in the amount of $45,022,643 in Petitioner's taxable year ended 1986, on which Petitioner was subject to tax at a 30% rate.

(b) The Commissioner erred in determining  that * * * Petitioner was required to file Annual Withholding Tax Returns (Forms 1042) * * *.

5.  The facts upon which Petitioner relies as the basis of the case are as follows:

(a) * * * Petitioner has never engaged in a trade or business in the United States, as defined in Code Section 864(b).  Petitioner did not receive any U.S. source interest income during the years at issue.

\*     \*     \*     \*     \*     \*     \*

(c) The Commissioner asserts that Petitioner owes close to $30,000,000 of United States income taxes due to its receipt of gross income in the form of fixed or determinable, annual or periodic United States source gross interest income. \* \* \*

\*     \*     \*     \*     \*     \*     \*

WHEREFORE, Petitioner prays that the Court \* \* \* :

1. Determine that the Commissioner erred as alleged in each assignment of error set forth in paragraph 4 above;

\*     \*     \*     \*     \*     \*     \*

3. Find that there are no deficiencies in income tax for petitioner's tax years ended 1984, 1985, and 1986, and, therefore, that Petitioner also has no liability for penalties and interest for these years;

Petitioner did not specifically refer to the notice of deficiency or dispute respondent's determinations contained therein in the petition.

## The Answer

On January 25, 1991, respondent filed his answer to the petition. As relevant here, respondent's answer contained the following answers to petitioner's allegations. Respondent denied the last sentence of petitioner's allegation in paragraph 1 of the petition and admitted the entire allegation in paragraph 3 of the petition. With respect to paragraphs 4(a) and 4(b), respondent denied that he erred as alleged. Respondent admitted that the first sentence of paragraph 5(c) was correct.

## The Assessment

As noted above, petitioner failed to attach the notice of deficiency to its petition and also failed in the petition to refer specifically to that notice or to dispute respondent's determinations made therein. As a result, on February 6, 1991, respondent assessed the amounts of the tax, additions to tax, and interest for the years ending 1984, 1985, and 1986 as determined in the notice of deficiency.

## Motion to Amend Petition

After the expiration of the period for filing a petition with respect to the notice of deficiency, petitioner filed a motion for leave to file amendments to petition pursuant to Rule 41(a)

and lodged therewith an amendment to petition and an amended petition. Petitioner seeks leave of Court to amend its petition to contest the deficiencies in and additions to petitioner's corporate income tax determined by respondent in the notice of deficiency.

## Discussion

In the present case we must decide whether petitioner should be allowed to amend its petition after the expiration of the time for filing a petition to contest the deficiencies determined in the notice of deficiency. For the reasons set forth below, we answer this inquiry in the negative.

Rule 41(a), which governs amendments to a pleading, provides in part as follows:

A party may amend a pleading * * * by leave of Court * * * and leave shall be given freely when justice so requires. No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * *

Thus, under Rule 41(a), an amendment to petition filed after the statutory period for filing a petition cannot create jurisdiction. *Normac, Inc. & Normac International v. Commissioner,* 90 T.C. 142, 149 (1988).

The parties disagree whether the amendment to petition, lodged with the Court after the expiration of the time for filing a petition, would serve to confer jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as originally filed.

Petitioner advances two arguments in support of its motion. Petitioner first asserts that both the notice of liability and the notice of deficiency determined deficiencies in and additions to its corporate income tax liability for 1984, 1985, and 1986. Because petitioner timely filed a petition contesting the deficiencies determined in the notice of liability, petitioner concludes that the Court already has jurisdiction over its income tax liability for the years in issue, and thus the amendment to petition would not confer any further jurisdiction on the Court. Petitioner alternatively argues that even if the notice of liability determined liabilities for withholding tax under sections 1441-1464, such tax liability

arises under subtitle A (chapter 3) of title 26. Consequently, because petitioner's liability for corporate income taxes determined in the notice of deficiency also arises under subtitle A (chapter 1) of title 26, petitioner asserts that this Court has jurisdiction over petitioner's entire income tax liability for the years in issue by virtue of its timely filed petition contesting the notice of liability.

Respondent agrees with petitioner that the notice of deficiency determined deficiencies in and additions to petitioner's corporate income tax for the years 1984, 1985, and 1986. Respondent contends, however, that the notice of liability determined liabilities in withholding tax and related additions to tax for the years 1984, 1985, and 1986. As such, respondent argues that because each notice determined deficiencies and additions to tax under separate theories of tax liability and from information that is to be reported on separate and distinct tax returns, the respective notices must be considered independently. Accordingly, respondent concludes that in the absence of objective indicia in the petition as filed that petitioner intended to contest the determinations made in the notice of deficiency, the Court's jurisdiction is limited to petitioner's liability as determined in the notice of liability.

We first address petitioner's argument that the notice of liability determined deficiencies in its corporate income tax. At the outset, we note that petitioner does not contest the validity of the notice of liability. Petitioner asserts that a review of the entire notice, together with respondent's admissions in his answer, demonstrates that the notice of liability determined deficiencies in its corporate income tax for the years in issue. We are not so persuaded.

The opening paragraph of the notice of liability states:

In accordance with the provisions of existing internal revenue laws, *notice is given that the determination of your liability for withholding of income tax as source* for the taxable years ended December 31, 1984, December 31, 1985 and December 31, 1986 discloses a deficiency of $8,071,168.00, $16,697,809.00 and $21,610,869.00, respectively. [Emphasis added.]

This paragraph is straightforward and complete. Respondent notified petitioner that he, respondent, determined a deficiency in petitioner's liability for withholding tax for the years 1984, 1985, and 1986 in the respective amounts of $8,071,168,

$16,697,809, and $21,610,869. Respondent asserts that the language used in the opening paragraph is identical to the language that the Internal Revenue Manual, section 4464.16, directs be used in determining a withholding tax liability. (Hereinafter the Internal Revenue Manual will be referred to as IRM.) IRM section 4464.16 directs:

When a notice of deficiency involves a deficiency in income tax required to be withheld at source under chapter 3 of the IRC, the opening paragraph will read as follows:

"In accordance with the provisions of existing internal revenue laws, notice is given that the determination of your liability for withholding of income tax as source for the taxable year end____ discloses a deficiency of $____. The attached statement shows the computation of the deficiency." [2 Audit, IRM (CCH), sec. 4464.16, at 7906.]

The above language applies to a deficiency in income tax required to be withheld at source under chapter 3 of the Internal Revenue Code, which includes sections 1441 through 1464 governing withholding tax liability. The opening paragraph of the notice of liability virtually mirrors the language directed to be used by IRM section 4464.16. Therefore, respondent's use of this language reflects his intent to determine a deficiency in withholding tax under sections 1441-1464.

Petitioner contends, however, that the language of IRM section 4464.16 supports its contention that the notice of liability determined income tax deficiencies because that section applies when the notice of deficiency involves a "deficiency in income tax required to be withheld." Petitioner's argument ignores the fact that the "deficiency in income tax" referred to in IRM section 4464.16 relates to tax that is "required to be withheld at source under chapter 3" of the Internal Revenue Code (i.e., secs. 1441-1464). The tax imposed by section 1441 et seq. relates to withholding tax liability, not corporate income tax liability. Consequently, nothing in IRM section 4464.16, nor in the opening paragraph of the notice of liability, suggests that respondent determined a deficiency in corporate income tax.

Respondent included a chart in the notice of liability showing the deficiency amounts determined for 1984, 1985, and 1986 to be $4,891,617, $10,119,885, and $13,506,793, respectively. These amounts are significantly less than the

amounts set forth in the opening paragraph of that notice. Respondent concedes that the amounts set forth in the opening paragraph are incorrect. He contends, however, that the correct amount of the determined deficiencies is set forth in the chart as well as on the attachments to the notice. Respondent also contends that petitioner contested the correct deficiency amounts and therefore was not misled by this error. (Notably, the two sets of deficiency amounts set forth in the notice of liability in no way correspond with the deficiency amounts determined in the notice of deficiency.)

Petitioner asserts that the attachments to the notice containing the correct deficiency amounts establish that the notice of liability determined deficiencies in income tax, rather than withholding tax. In this regard, petitioner first asserts that respondent's use of Form 5278 as part of the statement portion of the notice dictates that it was to relate solely to "income tax returns". Petitioner directs our attention to IRM section 4464.22(1)(c), which provides in part:

(c) Form 5278 (Statement—Income Tax Changes) * * *.
1 This form is used for all individual, corporate and fiduciary income tax returns for computation of the statutory deficiency.
[2 Audit, IRM (CCH), sec. 4464.22(1)(c), at 7907.]

In view of IRM section 4464.22(1)(c), together with the references in the Form 5278 to "adjustments to income" and "corrected income tax liability", respondent's use of Form 5278, standing alone, might create some confusion as to whether respondent determined deficiencies in withholding tax or income tax. However, the top of the Form 5278 is marked "Return Form No. 1042". Return Form 1042 is entitled "Annual Withholding Tax Return for United States Source Income of Foreign Persons". This reference to Form 1042 resolves any confusion as to the type of return that the adjustments relate to and, thus, the type of tax liability determined. See generally sec. 1.1461-2(b), Income Tax Regs.

Petitioner next points to the explanation of adjustments as evidence that the notice of liability determined deficiencies in income tax. The explanation of adjustments states in part the following:

It is determined that you received gross income in the form of interest from sources within the United States for nonresident aliens in the amount

of $16,305,390.00, $33,732,950.00 and $45,022,643.00, * * * for the taxable years ending December 31, 1984, 1985 and 1986, respectively.

Since Annual Withholding Tax Returns * * * were not filed within the time prescribed by law * * * 25 percent of the tax is added thereto as provided by Section 6651(a)(1) of the Internal Revenue Code.

Petitioner asserts that because the first paragraph states that petitioner received gross income rather than paid such amounts, respondent's determination must be with respect to income tax. In support of this assertion, petitioner cites section 1.1441-7, Income Tax Regs., which defines a withholding agent as "any person who pays or causes to be paid an item of income * * * to (or the agent of) a nonresident alien individual, * * * or a foreign corporation, and who is required to withhold tax under sections 1441 [and] 1442 * * * from such item of income." Petitioner also cites section 881(a) which, in general, imposes a 30-percent flat tax on foreign corporations that receive (i.e., earn) U.S. source interest income. Respondent contends that the paragraph in question is completely consistent with section 1441(a), which governs withholding of income tax for nonresident alien individuals.

The first paragraph of the explanation of adjustments states that petitioner "received" U.S. source gross income in the form of interest income rather than "paid" such income to a foreign taxpayer. However, the paragraph also states that petitioner received this gross income "for nonresident aliens". Given the fact that petitioner is a foreign corporation and not an individual, the term "for nonresident aliens" must be read to mean people other than petitioner. See generally sec. 7701(a)(3) and (b). As so viewed, the explanation provides that respondent determined that petitioner was in receipt of U.S. source interest income for nonresident alien individuals. In this regard, section 1441 provides in part:

SEC. 1441(a). GENERAL RULE.—* * * all persons, in whatever capacity * * * *having the control, receipt, custody, disposal, or payment of any of the items of income* specified in subsection (b) (to the extent that any of such items constitutes gross income from sources within the United States), *of any nonresident alien individual* * * * shall * * * deduct and withhold from such items a tax equal to 30 percent thereof * * *.

(b) INCOME ITEMS.—* * * interest * * *.

[Emphasis added.]

In sum, section 1441(a) requires any person (see sec. 7701(a)(1)) who has control, receipt, custody, disposal, or payment of U.S. source gross interest income of a nonresident alien to withhold a tax equal to 30 percent thereof. Therefore, the statement in the explanation of adjustments that petitioner received U.S. *source interest income for nonresident* alien individuals is consistent with the language of section 1441(a) and, thus, with a determination of withholding tax liability. This conclusion is further strengthened by the second paragraph of the explanation of adjustments which specifically refers to petitioner's failure to file "Annual Withholding Tax Returns".

Lastly, petitioner asserts that respondent admits that the notice of liability determined deficiencies in income tax in his answer to the petition. Petitioner filed its petition in this case on the basis that respondent determined deficiencies in income tax. As such, petitioner points to respondent's answer to the petition and asserts that respondent admitted therein that he determined deficiencies in income tax, *not withholding tax.* Specifically, petitioner refers to respondent's answer to paragraphs 1, 3, and 5(c) of the petition. The gravamen of petitioner's argument is that if respondent did determine deficiencies in withholding tax, he would have clarified petitioner's contrary allegations in his answer. We fail to see the significance of petitioner's argument. Respondent's failure to clarify petitioner's allegations in no way transforms respondent's determination of a deficiency in withholding tax into a determination of a deficiency in corporate income tax. It is also significant to note that petitioner's allegations that respondent determined income tax deficiencies were tied to a statement of the deficiency amounts determined in the notice of liability. (See paragraphs 3 and 5 of the petition.) As such, respondent's general admissions in his answer can be read to mean that he agreed with petitioner with respect to the amounts in dispute.

After careful scrutiny, we conclude that the notice of liability does not support petitioner's assertion that respondent determined deficiencies in its corporate income tax therein. We base this conclusion on the following: (1) The opening paragraph of the notice specifically states that respondent determined a withholding tax liability; (2) the top of Form

5278 refers to "Return Form No. 1042"; and (3) the explanation of adjustments specifically refers to petitioner's receipt of U.S. source interest income for nonresident alien individuals and petitioner's failure to file annual withholding tax returns. In reaching this conclusion, we are mindful that except for Internal Revenue Code sections relating to additions to tax, the notice of liability is silent as to the statutory (or regulatory) provisions under which respondent's determination is made. However, based on the specific indications in the notice of liability that respondent determined a withholding tax liability and the lack of any clear indication to the contrary, we cannot agree with petitioner that the notice of liability determined deficiencies in its corporate income taxes. Accordingly, we hold that the notice of liability with respect to which petitioner filed its petition in this case determined deficiencies in withholding tax for the years in issue.

Our conclusion that respondent determined deficiencies in withholding tax liability under sections 1441-1464 in the notice of liability raises a jurisdictional question to which we next must turn. That question is whether the notice of liability which relates to withholding tax and the notice of deficiency which relates to corporate income tax must be considered independently for purposes of this Court's jurisdiction.

We believe our opinion in *S-K Liquidating Co. v. Commissioner,* 64 T.C. 713 (1975), provides the answer to this question. In *S-K Liquidating Co.,* respondent issued a notice of liability determining that the taxpayer failed properly to withhold taxes under section 1441 for the calendar years 1968 and 1969. The taxpayer filed a petition disputing respondent's determinations but subsequently settled the case. The Court entered a stipulated decision to reflect this settlement. Thereafter, respondent issued a notice of deficiency to the taxpayer determining a deficiency in corporate income tax for the taxable year ending October 31, 1969. The taxpayer filed a motion for judgment on the pleadings and asserted therein that (1) section 6212(c) precluded respondent from issuing a further notice of deficiency to the same taxpayer for the same taxable year; and (2) the Tax Court's decision with respect to the withholding tax liability was res judicata and an absolute bar to the taxpayer's corporate income tax deficiency.

Relying on *Michael v. Commissioner,* 22 B.T.A. 639 (1931),

affd. per curiam 75 F.2d 966 (2d Cir. 1935), we concluded that section 6212(c) did not preclude respondent from issuing the further notice of deficiency to the taxpayer. In particular, we emphasized that although both taxes are imposed under subtitle A (Income Tax) of title 26, they were based upon two separate returns, and the liabilities originated from taxes enacted for different purposes. Therefore, we concluded that the parties would be entitled to a separate day in court with respect to each of the two taxes. *S-K Liquidating Co. v. Commissioner, supra* at 716-718. Likewise, because the two liabilities are separate and distinct and arise from different factual bases and taxable periods, we concluded that a decision under sections 1441 and 1461 was not res judicata barring a decision as to the taxpayer's corporate income tax liability. *S-K Liquidating Co. v. Commissioner, supra* at 719.

It follows from our decision in *S-K Liquidating Co.* that respondent is not precluded under section 6212(c) from issuing the two notices at issue herein, and we so hold. With respect to the issue of whether each notice must be considered independently for purposes of this Court's jurisdiction, the foundation for decision is clear. "The two liabilities [withholding tax and corporate income tax] are separate and distinct, arise from different states of fact and are based upon entirely different theories. They present two distinct causes of action". *S-K Liquidating Co. v. Commissioner, supra* at 717 (quoting *Michael v. Commissioner,* 22 B.T.A. at 642). Accordingly, we hold that each notice must be considered independently for purposes of determining the extent of this Court's jurisdiction.

Petitioner asserts, however, that *S-K Liquidating Co.* is inapposite to the present case because in that case the issue was whether respondent was precluded from issuing separate statutory notices to the same taxpayer and not whether this Court has jurisdiction to redetermine a taxpayer's income tax deficiency for a taxable year. Petitioner is correct in that *S-K Liquidating Co.* is not completely dispositive of petitioner's motion for leave to file amendments to petition (i.e., whether this Court has jurisdiction over the corporate income tax deficiencies determined in the notice of deficiency and, thus, whether the amendments to petition would impermissibly confer jurisdiction on this Court). However, petitioner is in

error when it assumes that the issue of this Court's jurisdiction over the corporate income tax deficiencies determined in the notice of deficiency is independent from the issue of respondent's ability to issue more than one notice of deficiency to petitioner for the same taxable year under section 6212(c).

In our view, the rationale in *S-K Liquidating Co.* that the two liabilities (withholding tax and corporate income tax) are separate and distinct and, thus, present two distinct causes of action is relevant to the issue of this Court's jurisdiction over the corporate income tax deficiencies determined in the notice of deficiency. This is so because if the two liabilities are separate and distinct and thus present two independent causes of action, it must follow in the present case that each notice must be considered independently for purposes of this Court's jurisdiction.

Petitioner relies on *Logan v. Commissioner,* 86 T.C. 1222 (1986), and *Martz v. Commissioner,* 77 T.C. 749 (1981), for the proposition that once this Court acquires jurisdiction over a deficiency determined under any chapter of subtitle A of title 26 (i.e., petitioner's deficiency in withholding tax), this Court has jurisdiction over all taxes imposed by subtitle A (i.e., the corporate income tax deficiencies determined in the notice of deficiency). Petitioner bases this argument on the following language in *Logan v. Commissioner, supra* at 1226-1227:

In an income tax deficiency proceeding, the Court's jurisdiction is generally limited by section 6214 to a redetermination of the correct amount of the deficiency as defined in section 6211. An income tax deficiency is computed with reference to "the tax imposed by subtitle A" (sec. 6211(a)), and as such, all taxes, credits, deductions, exclusions, etc., *imposed or allowed in subtitle A* are to be taken into consideration in calculating the existence of a deficiency. *Martz v. Commissioner,* 77 T.C. 749, 753 (1981). * * * [Fn. ref. omitted.]

In *Logan,* we held that this Court lacks jurisdiction to redetermine the credit for overpaid windfall profit tax under section 6429 in an income tax proceeding since no notice of deficiency relating to windfall profit tax had been issued. *Logan v. Commissioner, supra* at 1230. However, we also held that based upon the language quoted above this Court did have jurisdiction to redetermine the amount of the taxpayer's deduction for windfall profit tax under section 164 because

"The deduction allowed by section 164 is a part of the calculation of 'the tax imposed by subtitle A.'" *Logan v. Commissioner, supra* at 1230. Similarly, in *Martz v. Commissioner, supra* at 753, we held that in determining the existence of a deficiency within the meaning of section 6211, respondent's adjustments to the taxpayer's investment tax credit for that year must be taken into account because such adjustments are part of the calculation of the tax imposed by subtitle A.

Petitioner's reliance on *Logan* and *Martz* is misplaced. In both of these cases all of the adjustments related to the same tax return and thus were part of the calculation of the correct amount of deficiency that was put into issue by the deficiency notice and petition. In contrast, petitioner's liability for withholding tax and its liability for corporate income tax are based upon separate returns and therefore separate deficiency determinations. A redetermination of petitioner's deficiency in withholding tax will in no way affect a redetermination of its deficiency in corporate income tax. Indeed, a deficiency as defined by section 6211(a) is determined from only one return. This Court will not consider issues that do not relate to the correct determination of the deficiency as determined in the statutory notice. *Logan v. Commissioner, supra* at 1226. See also *Weisbart v. Commissioner,* 79 T.C. 521, 540 (1982). We therefore reject petitioner's assertion that *Logan* and *Martz* require this Court to redetermine its corporate income tax liability by virtue of this Court's acquired jurisdiction over petitioner's deficiency in withholding tax.

We now turn to the ultimate resolution of petitioner's motion for leave to amend its petition to contest the corporate income tax deficiencies determined in the notice of deficiency. Our consideration of the effect of the petition filed in this case is limited by the fact that this Court may exercise jurisdiction only to the extent authorized by Congress. *Naftel v. Commissioner,* 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on respondent's sending a notice of deficiency to a taxpayer and that taxpayer's filing a timely petition to redetermine the deficiency determined in that notice. Secs. 6212(a), 6213(a), and 6214(a); *Normac, Inc. & Normac International v. Commissioner,* 90 T.C. 142, 147 (1988). Our policy is to be

liberal in treating as petitions all documents filed by taxpayers within the 90-day period if they were intended as petitions. *O'Neil v. Commissioner,* 66 T.C. 105, 107-108 (1976). Notwithstanding this policy, a document must contain objective facts indicating that a specific deficiency determination is contested before it is treated as a petition with respect to that deficiency determination. *Normac, Inc. & Normac International v. Commissioner, supra; O'Neil v. Commissioner, supra* at 107.

In *O'Neil,* respondent mailed a notice of deficiency to the taxpayer determining deficiencies for the years 1968 through 1971. The taxpayer timely filed a petition specifically contesting the deficiencies determined for the years 1968 through 1970, but failed to contest the deficiency determined for the year 1971. The petition contained no allegation of error in any manner for 1971. The taxpayer did, however, attach to the petition the notice of deficiency that covered all 4 years. After the expiration of the 90-day period for filing a petition, the taxpayer filed an amended petition which contested all 4 years. Thereafter, respondent filed a motion to dismiss for lack of jurisdiction as to the year 1971. In granting respondent's motion to dismiss, we held that because the taxpayer's petition did not clearly indicate that he was contesting the determination for the year 1971, respondent's determination for that year was not in issue, and the amended petition filed after the expiration of the period to file a petition was too late to confer jurisdiction for that year. *O'Neil v. Commissioner, supra* at 107. In so holding, we reasoned:

The fact that separate taxable years are contained in one notice of deficiency does not mean that each of such years is automatically raised by filing a petition contesting some of such years. The terms of the petition must be examined to ascertain which of the years has been put in issue by an indication that the determination for that year is disputed. [*O'Neil v. Commissioner,* 66 T.C. at 108. Citations omitted.]

Thus, under our holding in *O'Neil,* absent a clear indication in the petition that the taxpayer is disputing a determination made by respondent for a particular year, this Court lacks jurisdiction over such determination.

In *Normac, Inc. & Normac International v. Commissioner, supra,* respondent on the same date mailed two separate notices of deficiency to two different but related taxpayers.

One notice of deficiency was mailed to the parent corporation (P), and the other notice of deficiency was mailed to its subsidiary corporation (S). Both notices covered the same taxable year but determined different deficiencies for each taxpayer. P and S timely filed a joint petition specifically contesting the deficiency determined in the notice sent to P but failed to contest the deficiency determined in the notice sent to S. Attached to the petition was a copy of the notice that was sent to P but not the notice that was sent to S. Respondent filed a motion to dismiss for lack of jurisdiction as to S. The taxpayers argued that since a timely joint petition was filed, this Court has jurisdiction over S and should allow the taxpayers to file an amended petition to remedy any defects as to S. We granted respondent's motion to dismiss on the grounds that (1) the petition did not indicate the amounts of the deficiencies determined against S nor the amount S was contesting; (2) the petition did not indicate the years in dispute as to S; and (3) the notice of deficiency relating to S was not attached to the petition. We also rejected the taxpayers' request to amend the petition on the ground that "if this Court did not acquire jurisdiction because of the petition filed within the statutory period, then an amended petition, filed outside the statutory period, cannot create jurisdiction." *Normac, Inc. & Normac International v. Commissioner, supra* at 149.

Consistent with our holdings in *O'Neil* and *Normac,* a petition must clearly indicate the specific deficiency determination that the taxpayer is contesting in order for this Court to acquire jurisdiction over that determination. At a minimum, the petition must indicate (1) the amount of the deficiencies determined against the taxpayer, (2) the amount the taxpayer is contesting, and (3) the years in dispute. In this regard, as was the case in *O'Neil,* attaching the notice of deficiency to the petition and nothing more is not sufficient to invoke the jurisdiction of this Court over any of the determinations contained in the notice. Further, as was the case in *Normac,* where two separate notices are issued and a taxpayer fails to contest any of the deficiency determinations contained in one of the notices and fails to attach a copy of that notice to the petition, this Court cannot redetermine any of the deficiency determinations in that notice.

In the present case, there is nothing in the petition now

pending before us indicating that petitioner was contesting any of the corporate income tax deficiencies determined in the notice of deficiency. The petition does not (1) indicate the amount of any of the deficiencies determined in the notice of deficiency, (2) refer to or dispute any of respondent's determinations made in the notice of deficiency, or (3) refer to the notice of deficiency itself or have attached thereto a copy of the notice of deficiency. Rather, the only clear indication in the petition is that petitioner was solely contesting the withholding tax deficiencies determined in the notice of liability. The petition refers to the specific determinations made in the notice of liability and the amounts with respect thereto. Petitioner attached the notice of liability and only specifically referenced that notice in the petition. Petitioner also specifically alleged that it was not subject to the flat 30-percent tax under section 881(a). In this regard, the deficiency determination in the notice of deficiency, in contrast, was based upon the net corporate income tax under section 11 (see sec. 882). In short, the petition now pending before us is completely devoid of any reference to the notice of deficiency and any of the determinations contained therein.

Petitioner nevertheless asserts that its prayer for relief is sufficient to invoke this Court's jurisdiction over the notice of deficiency. The prayer for relief in the petition provides in relevant part as follows:

WHEREFORE, Petitioner prays that the Court * * * :
  1. Determine that the Commissioner erred as alleged in each assignment of error set forth in paragraph 4 above;

> *　　*　　*　　*　　*　　*　　*

  3. Find that there are no deficiencies in income tax for Petitioner's tax years ended 1984, 1985, and 1986, and, therefore, that Petitioner also has no liability for penalties and interest for these years;

In support of its assertion, petitioner relies on the language "Find that there are no deficiencies in income tax for Petitioner's tax years ended 1984, 1985, and 1986." We fail to see how this language indicates that petitioner was contesting any of the corporate income tax deficiencies determined in the notice of deficiency. This is particularly true when the first prayer for relief specifically refers to the assignment of errors that only relate to the determinations contained in the notice of liability. It seems to us that petitioner fails to appreciate

the distinction between contesting, in general, income tax deficiencies versus contesting respondent's specific deficiency determinations. We reject the notion that such a general statement in the prayer for relief, and nothing more, reflects petitioner's intent to contest the determinations in the notice of deficiency. There is simply no objective indication whatsoever in the petition to support such a conclusion.

For the foregoing reasons, we hold that this Court did not acquire jurisdiction over the corporate income tax deficiencies determined in the notice of deficiency by virtue of the petition filed herein. Petitioner's motion for leave to file amendments to petition will therefore be denied.

To reflect the foregoing,

*An appropriate order will be issued.*