JOCELYN MCCARNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCarney v. Commissioner
Docket No. 2717-93
United States Tax Court
T.C. Memo 1993-407; 1993 Tax Ct. Memo LEXIS 422; 66 T.C.M. (CCH) 608; September 7, 1993, Filed *422 Petitioner will be granted leave to file the amended petition but only insofar as it relates to the 1989 taxable year. For petitioner: John Harrison Wegge. For respondent: Jordan S. Musen. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, 182, and 183. [1] It is before us on petitioner's Motion for Special Leave to File Amended Petition, filed May 10, 1993. Petitioner resided at Danville, California, at the time both the petitions under consideration were received at this Court. Respondent mailed a notice of deficiency to petitioner regarding her 1989 taxable year on November 2, 1992. Respondent determined in this notice that petitioner had a Federal income tax deficiency of $ 13,837 for 1989, together with an addition under section 6651(a)(1) of *423 $ 269.75. Petitioner, through her counsel, filed an imperfect petition on February 8, 1993. Respondent agrees that the petition (the "1989 petition") was timely mailed. The Court on February 12, 1993, ordered petitioner to file an amended petition on or before April 13, 1993. Petitioner's counsel missed the April 13, 1993, date through inadvertence and on May 10, 1993, filed a motion for special leave to file amended petition. Respondent, on January 28, 1993, mailed another notice of deficiency to petitioner in regard to her 1988 taxable year. Respondent determined in this notice (hereafter the January 28 notice) that there was a deficiency in petitioner's 1988 Federal income tax in the amount of $ 7,593, together with additions under section 6651 of $ 1,446, and section 6654 of $ 357. The amended petition that has been lodged with the Court purports to cover both notices of deficiency, e.g., the first notice which was mailed regarding the 1989 year as well as the January 28 notice which covers the 1988 year. The amended petition (hereafter the 1988-1989 petition) is not timely filed in regard to the 1988 year and must be dismissed insofar as it relates to that year for lack *424 of jurisdiction. Counsel for petitioner, by declaration, states as follows: At approximately 6 p.m., on Sunday, April 25, 1993, he typed and affixed an Express Mail label, United States Post Office Label II-B, to the envelope containing the Motion for Special Leave to file Amended Petition and the proposed Amended Petition. The label was properly addressed to the Clerk of this Court and to it he affixed postage in the amount of $ 15.95. Shortly thereafter on the same evening, he deposited the envelope in an Express Mail Box in Pasadena, California. The mailing envelope and contents were returned to petitioner on May 5, 1993, the Express Mail label was missing, and in its place was a post office document from the Dead Parcel Post Branch with the notation that "Mail was undeliverable as addressed and showed no outside visible return address." For purposes of our consideration we accept counsel's declaration in full, even including his supposition that the glue on the U.S. Postal Service label was somehow defective and was the cause of the label falling off the petition. Section 6213 vests this Court with jurisdiction to review petitions only where the petition is filed within 90 *425 days after the mailing of the deficiency notice (with an exception not here applicable). We have long recognized that our jurisdiction is limited by statute, and unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case for that reason. Estate of Moffat v. Commissioner, 46 T.C. 499 (1966). Filing is completed when the petition is received by the Court unless the exception provided by section 7502 applies. Sylvan v. Commissioner, 65 T.C. 548, 550 (1975). Section 7502(a) provides that when a document is required to be filed on or before a certain date, and is, after such date delivered by United States mail to such agency, then the United States postmark stamped on the cover is deemed to be the date of delivery. Thus, under certain circumstances, timely mailing is to be treated as timely filing. If the cover containing the delivered item bears a timely postmark, the document will be considered filed timely even though it is received after the last date prescribed for filing such document. Sec. 301.7502-1, Income tax Regs. Where the postmark on the item is *426 other than that of the U.S. Postal Service, the postmark must bear a date on or before the last date for filing the document, and it must be received not later than the time when such a document would ordinarily be received. Sec. 301.7502-1(c)(1)(iii)(b), Income Tax Regs. When, however, the document in question is not delivered, as is the case at bar, it becomes irrelevant as to why delivery was not effectuated. Walden v. Commissioner, 90 T.C. 947 (1988). The statement of petitioner's counsel, taken at full value, does not meet the requirements of section 7502(a) or the regulation. The amended petition lodged with the Court was never delivered as counsel attempted to mail it. Rather, it was remailed later by counsel. Section 7502(c) provides that if the petition had been registered (or certified under some circumstances), the registration would be prima facie evidence that the petition was delivered to the office to which addressed, and the date of registration would be deemed the postmark date. Unfortunately, the envelope in question was not so registered. We have jurisdiction over the 1989 year, and the amended petition may be filed insofar *427 as it relates to that year. However, as to the 1988 year, we have held that each notice of deficiency must be considered independently for purposes of this Court's jurisdiction. Inverworld, Ltd. v. Commissioner, 98 T.C. 70 (1992), affd. 979 F.2d 868 (D.C. Cir. 1992); Wilson v. Commissioner, 564 F.2d 1317, 1318 (9th Cir. 1977). Thus, the amended petition is a new petition as to 1988, and it must meet the jurisdictional 90-day period. Estate of Archer v. Commissioner, 47 B.T.A. 228 (1942); I. Frank Sons Co. v. Commissioner, 22 B.T.A. 40 (1931). See also O'Neil v. Commissioner, 66 T.C. 105, 107 (1976), where we pointed out that the explanatory note to Rule 41(a), Tax Court Rules of Practice and Procedure, clearly provides that an amendment to the petition after the statutory filing period has expired cannot be used to seek a redetermination of an additional taxable year. For the reasons stated, Petitioner will be granted leave to file the amended petition but only insofar as it relates to the 1989 *428 taxable year. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩