T.C. Memo. 1997-433


UNITED STATES TAX COURT


ERIC JENNINGS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4802-97.                    Filed September 23, 1997.


Eric Jennings, pro se.

<u>Guy A. Bracuti</u> and <u>W. Mark Scott</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

This case is before the Court on petitioner's Motion for Leave to File Amended Pleading, filed pursuant to Rule 41. Petitioner contends that justice requires that he be permitted to file an amended petition in order to place in issue an additional taxable year.  Respondent contends that petitioner's motion seeks to confer jurisdiction over a taxable year which otherwise would not come within the Court's jurisdiction under the petition as on file and in respect of which the 90-day period for petitioning the Court expired before the motion was filed.

Background

At the time the petition was filed with the Court, petitioner resided in Arlington, Texas.

On or about December 18, 1996, respondent sent notices of deficiency to petitioner.  The first notice, which was dated December 18, 1996, determined a deficiency in income tax, together with an addition to tax and an accuracy-related penalty, for the taxable year 1992.  The second notice, which was also dated December 18, 1996, determined deficiencies in income taxes, together with an addition to tax and accuracy-related penalties, for the taxable years 1993 and 1994.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The amounts of the deficiencies, additions to tax, and accuracy-related penalties that were determined by respondent in the two notices of deficiency are as follows:

| Taxable Year | Deficiency | Addition to Tax Sec. 6651 | Penalty Sec. 6662 |
|---|---|---|---|
| 1992 | $41,489 | $8,105 | $8,298 |

| | | | |
|---|---|---|---|
| 1993 | 47,492 | 9,590 | 9,498 |
| 1994 | 54,799 | --- | 10,960 |

The adjustments to income that gave rise to the deficiencies that were determined by respondent in the two notices of deficiency were as follows:

| Adjustments | 1992 | 1993 | 1994 |
|---|---|---|---|
| Const. dividends | $111,953 | $125,237 | $139,462 |
| Rental income | 9,447 | 11,735 | 16,943 |
| Itemized deducts. | 7,297 | 2,584 | 3,184 |
| Exemptions | 3,772 | 3,290 | 2,107 |

Respondent issued two notices of deficiency because the notice for the taxable year 1992 was based on a different filing status than was the notice for the taxable years 1993 and 1994. Thus, for the taxable year 1992, respondent determined that petitioner's filing status was married filing separately, whereas

for the taxable years 1993 and 1994, respondent determined that petitioner's filing status was single. See sec. 1(c) and (d).

Petitioner received both notices of deficiency on or about December 23, 1996.

On March 13, 1997, petitioner filed a petition (the Petition) with the Court. Paragraph 1. of the Petition states that petitioner disagrees with the deficiencies for the taxable years 1993 and 1994. Paragraph 3. of the Petition states that petitioner disputes the following:

| Taxable Year Disputed | Deficiency Disputed | Addition/Penalty Disputed |
|---|---|---|
| 1993 | $47,492 | [1]$19,088 |
| 1994 | 54,799 | 10,960 |

[1]  This figure represents the sum of $9,590, the addition to tax under sec. 6651, and $9,498, the accuracy-related penalty under sec. 6662.

Petitioner attached to the Petition a complete copy of the notice of deficiency for the taxable years 1993 and 1994. Petitioner did not attach to the Petition a copy of the notice of deficiency for the taxable year 1992, nor did petitioner place in dispute such taxable year in the Petition. In fact, neither the taxable year 1992 nor the deficiency, addition to tax, or accuracy-related penalty determined by respondent for that year is discussed or even mentioned in the Petition.

On June 23, 1997, petitioner filed his Motion for Leave to File Amended Pleading and lodged an Amended Petition (the Amended

Petition).  Although no notice of deficiency is attached to the Amended Petition as an exhibit, the Amended Petition seeks to place in dispute the taxable year 1992.  In this regard, the Amended Petition expressly mentions the taxable year 1992 and expressly disputes the deficiency, addition to tax, and accuracy-related penalty determined by respondent for that year.

Respondent objects to the granting of petitioner's motion for leave because, in respondent's view, to do so would confer jurisdiction over a taxable year that otherwise would not come within the Court's jurisdiction under the petition as on file and in respect of which the statutory period for petitioning the Court expired before the motion was filed.

Discussion

We begin our analysis with Rule 41(a), which governs amendments to pleadings.  As relevant herein, Rule 41(a) provides as follows:

> A party may amend a pleading * * * only by leave of Court * * * and leave shall be given freely when justice so requires.  No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file.* * *

This Court has been liberal in granting taxpayers leave to amend in order to correct technical defects related to the requirements prescribed by our Rules governing the form and content of petitions.  O'Neil v. Commissioner, 66 T.C. 105, 107-

108 (1976).  However, we may not permit a petition to be amended if the amendment seeks to place in dispute an additional taxable year in respect of which the statutory period for filing a petition has expired.  InverWorld, Ltd. v. Commissioner, 98 T.C. 70, 75 (1992), affd. 979 F.2d 868 (D.C. Cir. 1992); Normac, Inc. v. Commissioner, 90 T.C. 142, 149 (1988); O'Neil v. Commissioner, supra.

We apply an objective test in order to distinguish between an amendment seeking to correct a technical defect and an amendment seeking to place an additional taxable year in dispute.  Thus, a petition must contain objective facts indicating that a deficiency for a particular taxable year is being contested before such petition will be treated as a petition for that particular taxable year.   InverWorld, Ltd. v. Commissioner, supra at 75; Normac, Inc. v. Commissioner, supra at 147-148; O'Neil v. Commissioner, supra at 107; see Hill v. Commissioner, T.C. Memo. 1988-198; Franks v. Commissioner, T.C. Memo. 1986-470, affd. without published opinion 828 F.2d 23 (9th Cir. 1987).

In the present case there are no objective facts appearing in the Petition to even suggest that the taxable year 1992 is being contested.  Rather, the objective facts appearing in the Petition demonstrate that only the taxable years 1993 and 1994 are being contested.  Thus, the Petition refers to 1993 and 1994 as the only taxable years in dispute.  Moreover, only the notice

of deficiency for 1993 and 1994 is attached to the Petition as an exhibit. Finally, only the amounts of the deficiencies, addition to tax, and penalties for 1993 and 1994 are identified in the Petition as in dispute. Indeed, there is nothing within the four corners of the Petition to indicate that respondent even determined a deficiency for 1992.

In view of the foregoing, we hold that the Petition was filed only in respect of the taxable years 1993 and 1994. Accordingly, we analyze petitioner's motion for leave as one seeking to amend the petition to place an additional taxable year in issue. We therefore turn to the scope of this Court's jurisdiction.

The Tax Court is a court of limited jurisdiction, and we have only such jurisdiction as the Congress has chosen to confer upon us by statute. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-422 (1943); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981). In a deficiency action, our jurisdiction depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, supra at 147.

Petitioner argues that respondent should have issued a single notice for 1992, 1993, and 1994. However, petitioner cites no rule of law, and we know of none, requiring respondent

to issue a single notice when determining deficiencies for more than one taxable year.  See sec. 6212(a); see also Franks v. Commissioner, supra (involving essentially similar notices for two different taxable years), affd. without published opinion 828 F.2d 23 (9th Cir. 1987).  Further, respondent issued one notice for 1992 and a second notice for 1993 and 1994 because the deficiency for 1992 was determined by reference to a different filing status than were the deficiencies for the taxable years 1993 and 1994.  In short, we are satisfied that both the notice of deficiency for 1992 and the notice of deficiency for 1993 and 1994 were valid.

Further, we are satisfied that the notice of deficiency for the taxable year 1992 was sent on or about December 18, 1996.[2] Accordingly, a petition contesting that year was required to be filed within 90 days thereafter.  Secs. 6213(a), 7502.  However, petitioner did not file his motion for leave until June 23, 1997, a date well after the expiration of the critical 90-day period. Accordingly, we lack jurisdiction over the taxable year 1992.

In view of the foregoing, we will not grant petitioner's motion for leave because such action "would involve conferring

---

[2]    Respondent did not introduce Postal Service Form 3877, or the equivalent, in order to prove the date of mailing of either notice of deficiency.  However, in view of petitioner's admission concerning the receipt of the notices of deficiency on or about Dec. 23, 1996, we are satisfied that both notices were in fact mailed on or about Dec. 18, 1996.  Cf. Magazine v. Commissioner, 89 T.C. 321 (1987).

jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file." Rule 41(a).

Petitioner seeks to overcome the foregoing analysis by arguing that for purposes of Rule 41(a), the "matter" before the Court is "the matter of 'Eric Jennings v. Commissioner of Internal Revenue'". We disagree. Insofar as this case is concerned, the "matter" clearly contemplated by Rule 41(a) is respondent's deficiency determination for the taxable year 1992. In this regard, the Supreme Court has held that "Each year is the origin of a new liability and of a separate cause of action." Commissioner v. Sunnen, 333 U.S. 591, 598 (1948). Stated otherwise, our jurisdiction is year specific.

Petitioner also seeks to overcome the foregoing analysis by arguing that the adjustments giving rise to the deficiency for 1992 fall in the same categories as those giving rise to the deficiencies for 1993 and 1994. Essentially the same argument was addressed, and rejected, in Franks v. Commissioner, supra.

In Franks v. Commissioner, supra, the Commissioner issued two notices of deficiency, one for the taxable year 1980 and the other for the taxable year 1981. Both notices made adjustments primarily related to the same investments of the taxpayer. Thereafter, the taxpayer filed a petition that referenced only the taxable year 1981; further, the taxpayer only attached as an

exhibit to his petition a copy of the notice for 1981.  In contrast, the taxpayer did not mention the taxable year 1980 in his petition, nor did the taxpayer attach a copy of the notice for 1980.  Subsequently, the taxpayer moved to amend his petition to include the taxable year 1980.  The Court ultimately concluded that jurisdiction was lacking as to the taxable year 1980 and dismissed the case as to that year because the petition failed to put that year into issue, and the taxpayer's motion for leave to amend the petition was filed more than 90 days after the notice of deficiency for 1980 was issued.

Although petitioner admits that he "inadvertently" failed to include the taxable year 1992 in the Petition, petitioner argues that such failure is principally attributable to "confusion" created by the issuance of two notices of deficiency and by respondent's allegedly stapling the two notices together.[3] However, we need not assign or apportion any fault related to petitioner's failure to include the taxable year 1992 in the Petition, because neither estoppel nor other equitable considerations afford any basis for us to assume jurisdiction as to a taxable year in the absence of a timely filed petition as to

---

[3]    As previously stated, a complete copy of the notice of deficiency for 1993 and 1994 was attached as an exhibit to the Petition.  If the notice for 1992 was stapled to the notice for 1993 and 1994, we fail to understand how petitioner could have attached the latter, but not the former, as an exhibit to the Petition.

that year.  Sec. 7442; <u>Hesse v. Commissioner</u>, T.C. Memo. 1997-333, and cases cited therein at note 6.

We have considered petitioner's remaining arguments and find them without merit.

<u>Conclusion</u>

We lack jurisdiction over the taxable year 1992. Accordingly, petitioner's Motion for Leave to File Amended Pleading will be denied.[4]

To give effect to the foregoing,

<u>An order denying petitioner's</u>
<u>motion will be issued</u>.

---

[4]    We note that although petitioner cannot pursue a case in this Court as to the taxable year 1992, petitioner is not without a judicial remedy.  Thus, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if the claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims.  <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).