T.C. Memo. 1997-543


UNITED STATES TAX COURT


BLAIR R. LAING & DONNA R. LAING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13135-97.                    Filed December 9, 1997.


<u>F. Pen Cosby</u>, for petitioners.

<u>Jordan Musen</u> and <u>Angela J. Kennedy</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to
(continued...)

This case is before the Court on petitioners' Motion for Leave to Amend Petition, as Supplemented, filed pursuant to Rule 41. Petitioners contend that justice requires that they be permitted to file an amended petition in order to place in issue an additional taxable year. Respondent contends that petitioners' motion seeks to confer jurisdiction over a taxable year which otherwise would not come within the Court's jurisdiction under the petition as on file and in respect of which the 90-day period for petitioning the Court expired before the motion was filed.

## Background

At the time that the petition was filed with the Court, petitioners resided in Brownsburg, Indiana.

On March 21, 1997, respondent mailed two separate joint notices of deficiency to petitioners. The first notice determined deficiencies in income taxes, together with accuracy-related penalties, for the taxable years 1993 and 1994. The second notice determined a deficiency in income tax, together with an accuracy-related penalty, for the taxable year 1995.[2]

---

(...continued)
the Tax Court Rules of Practice and Procedure.

[2] Both notices were mailed to petitioners at 1012 South Green Street, Brownsburg, Indiana 46112-1808. Petitioners do not dispute that this is their correct address.

The amounts of the deficiencies and accuracy-related penalties that were determined by respondent in the two notices of deficiency are as follows:

|       |            | Accuracy-related penalty |
| Year  | Deficiency | Sec. 6662(a) |
| ----- | ---------- | ------------ |
| 1993  | $3,806     | $761.20      |
| 1994  | 3,285      | 657.00       |
| 1995  | 4,470      | 894.00       |

The adjustments to income that gave rise to the deficiencies that were determined by respondent in the two notices of deficiency were as follows:

| Adjustment              | 1993    | 1994    | 1995    |
| ----------------------- | ------- | ------- | ------- |
| "1120S flow thru[1]"    | $23,474 | $18,300 | ---     |
| Itemized deductions     | 1,234   | ---     | ---     |
| Earned income credit    | ---     | 540     | $2,081  |
| Unreported income[1]    | ---     | ---     | 19,242  |

[1] The adjustments for "1120S flow thru" and "unreported income" relate to an indirect method of reconstructing income and are attributable principally to personal living expenses.

Respondent issued two separate notices of deficiency because petitioners had previously filed a power of attorney with respondent naming an accountant, Harold Marley (Mr. Marley), as their attorney-in-fact for the taxable years 1993 and 1994. In addition to issuing the notice of deficiency for 1993 and 1994 to petitioners, respondent mailed a copy of the notice to Mr. Marley. On the other hand, because petitioners did not file a power of attorney with respondent in respect of the taxable year

1995, respondent mailed a single copy of the notice of deficiency for 1995 to petitioners.

The notices of deficiency that were mailed to petitioners were returned to respondent undelivered and marked "unclaimed". However, the copy of the notice of deficiency for 1993 and 1994 that was mailed to Mr. Marley was received by him and was furnished to petitioners.

On June 23, 1997, petitioners filed a timely petition (the petition) with the Court. Paragraph 3 of the petition states that petitioners dispute the deficiencies determined by respondent for the taxable years 1993 and 1994. Petitioners attached to the petition a complete copy of the notice of deficiency for the taxable years 1993 and 1994. Petitioners did not attach to the petition a copy of the notice of deficiency for the taxable year 1995, nor did petitioners place in dispute such taxable year in the petition. In fact, neither the taxable year 1995 nor the deficiency or accuracy-related penalty determined by respondent for that year is discussed or even mentioned in the petition.

On September 23, 1997, petitioners filed their Motion for Leave to Amend Petition and lodged an amended petition (the amended petition). The amended petition seeks to place in dispute the taxable year 1995. In this regard, the amended petition expressly mentions the taxable year 1995 and expressly

disputes the deficiency and accuracy-related penalty determined by respondent for that year.

Respondent objects to the granting of petitioners' motion because, in respondent's view, to do so would confer jurisdiction over a taxable year that otherwise would not come within the Court's jurisdiction under the petition as on file and in respect of which the statutory period for petitioning the Court expired before the motion was filed.

Discussion

We begin our analysis with Rule 41(a), which governs amendments to pleadings. As relevant herein, Rule 41(a) provides as follows:

> A party may amend a pleading * * * only by leave of Court * * * and leave shall be given freely when justice so requires. No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file.* * *

This Court has been liberal in granting taxpayers leave to amend in order to correct technical defects related to the requirements prescribed by our Rules governing the form and content of petitions. O'Neil v. Commissioner, 66 T.C. 105, 107-108 (1976). However, we may not permit a petition to be amended if the amendment seeks to place in dispute an additional taxable year in respect of which the statutory period for filing a petition has expired. InverWorld, Ltd. v. Commissioner, 98 T.C.

70, 75 (1992), affd. 979 F.2d 868 (D.C. Cir. 1992); Normac, Inc. v. Commissioner, 90 T.C. 142, 149 (1988); O'Neil v. Commissioner, supra.

We apply an objective test in order to distinguish between an amendment seeking to correct a technical defect and an amendment seeking to place an additional taxable year in dispute. Thus, a petition must contain objective facts indicating that a deficiency for a particular taxable year is being contested before such petition will be treated as a petition for that particular taxable year. InverWorld, Ltd. v. Commissioner, supra at 75; Normac, Inc. v. Commissioner, supra at 147-148; O'Neil v. Commissioner, supra at 107; see Hill v. Commissioner, T.C. Memo. 1988-198; Franks v. Commissioner, T.C. Memo. 1986-470, affd. without published opinion 828 F.2d 23 (9th Cir. 1987).

In the present case there are no objective facts appearing in the petition even to suggest that the taxable year 1995 is being contested. Rather, the objective facts appearing in the petition demonstrate that only the taxable years 1993 and 1994 are being contested. Thus, the petition refers to 1993 and 1994 as the only taxable years in dispute. Moreover, only the notice of deficiency for 1993 and 1994 is attached to the petition as an exhibit. Finally, only the amounts of the deficiencies and penalties for 1993 and 1994 are identified in the petition as in dispute. Indeed, there is nothing within the four corners of the

petition to indicate that respondent even determined a deficiency for 1995, much less that petitioners are disputing such deficiency.

In view of the foregoing, we hold that the petition was filed only in respect of the taxable years 1993 and 1994. Accordingly, we analyze petitioners' motion for leave as one seeking to amend the petition to place an additional taxable year in issue. We therefore turn to the scope of this Court's jurisdiction.

The Tax Court is a court of limited jurisdiction, and we have only such jurisdiction as the Congress has chosen to confer upon us by statute. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-422 (1943); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981). In a deficiency action, our jurisdiction depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, supra at 147.

Petitioners argue that they were not aware that the 1995 tax year was under examination and that respondent should have issued a single notice for 1993, 1994, and 1995.[3] However, petitioners

---

[3] We note, however, that the hearing record includes a copy of a letter dated Nov. 4, 1996, from the examining revenue agent stating, in part, that "the 1995 return will need to be examined and included with the 1993 and 1994 audit."

cite no rule of law, and we know of none, requiring respondent to issue a single notice when determining deficiencies for more than one taxable year.  See sec. 6212(a); see also Franks v. Commissioner, supra (involving essentially similar notices for two different taxable years), affd. without published opinion 828 F.2d 23 (9th Cir. 1987).  Further, respondent issued one notice for 1993 and 1994 and a separate notice of deficiency for 1995 because of the filing of petitioners' power of attorney for 1993 and 1994.  Simply stated, if respondent had issued a combined notice of deficiency for 1993, 1994, and 1995, and provided a copy of the same to petitioners' attorney-in-fact, respondent might have made an unauthorized disclosure of petitioners' tax return information within the meaning of section 6103.  Under the circumstances, we are satisfied that it was appropriate to issue one notice of deficiency for 1993 and 1994 and a separate notice of deficiency for 1995.

Further, we are satisfied that the notice of deficiency for the taxable year 1995 was sent on March 21, 1997.[4]  Accordingly, a petition contesting that year was required to be filed within 90 days thereafter.  Secs. 6213(a), 7502.  However, petitioners did not file their Motion for Leave to Amend Petition until

---

[4] Respondent offered Postal Service Form 3877, a copy of the notice of deficiency for 1995, and a copy of the envelope in which the notice of deficiency was mailed to prove the date of mailing.

September 23, 1997, a date well after the expiration of the critical 90-day period.  Accordingly, we lack jurisdiction over the taxable year 1995.

In view of the foregoing, we will not grant petitioners' Motion for Leave to Amend Petition because such action "would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file."  Rule 41(a).

Petitioners seek to overcome the foregoing analysis by arguing that the adjustments giving rise to the deficiency for 1995 fall in the same categories as those giving rise to the deficiencies for 1993 and 1994.  Essentially the same argument was addressed, and rejected, in Franks v. Commissioner, supra.

In Franks v. Commissioner, supra, the Commissioner issued two notices of deficiency, one for the taxable year 1980 and the other for the taxable year 1981.  Both notices made adjustments primarily related to the same investments of the taxpayer. Thereafter, the taxpayer filed a petition that referenced only the taxable year 1981; further, the taxpayer only attached as an exhibit to his petition a copy of the notice for 1981.  In contrast, the taxpayer did not mention the taxable year 1980 in his petition, nor did the taxpayer attach a copy of the notice for 1980.  Subsequently, the taxpayer moved to amend his petition to include the taxable year 1980.  The Court ultimately concluded

that jurisdiction was lacking as to the taxable year 1980 and dismissed the case as to that year because the petition failed to place that year in issue and the taxpayer's motion for leave to amend the petition was filed more than 90 days after the notice of deficiency for 1980 was issued.

Petitioners further contend that equitable considerations support the granting of their motion. However, because equitable considerations do not afford any basis for us to assume jurisdiction over a taxable year in the absence of a timely filed petition as to that year, we are constrained to deny petitioners' motion. Sec. 7442; <u>Hesse v. Commissioner</u>, T.C. Memo. 1997-333, and cases cited therein at note 6.

<u>Conclusion</u>

We lack jurisdiction over the taxable year 1995. Accordingly, petitioners' Motion for Leave to Amend Petition, As Supplemented, will be denied.[5]

To give effect to the foregoing,

---

[5] We note that although petitioners cannot pursue a case in this Court as to the taxable year 1995, petitioners are not without a judicial remedy. Thus, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and, if the claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims. <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

An order denying petitioners' motion as supplemented will be issued.