T.C. Memo. 1998-171


UNITED STATES TAX COURT


LESTER JOHNSON AND SHERELLE D. BROOKS-JOHNSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9704-97.                    Filed May 11, 1998.


Lester Johnson and Sherelle D. Brooks-Johnson, pro se.

Scott Hargis, for respondent.



MEMORANDUM OPINION


DAWSON, Judge:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b) and Rules

180, 181, 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before us on respondent's Motion to Dismiss 1994 For Lack of Jurisdiction on the ground that petitioners failed to file their petition within the time period prescribed by section 6213(a).

Background

By notice of deficiency dated September 3, 1996, respondent determined a deficiency in petitioners' 1994 Federal income tax.[2] The notice of deficiency was sent by certified mail to petitioners at 2109 Scenic Ridge Drive, Chino Hills, CA 91709-1008 (the Scenic Ridge address).  The 90th day after the mailing of the deficiency notice was Sunday, December 1, 1996. Accordingly, pursuant to section 7502, a petition to this Court would be deemed timely if filed on or before Monday, December 2, 1996, which was not a holiday in the District of Columbia.

Subsequently, on March 20, 1997, respondent sent petitioners a notice of deficiency for 1993, wherein respondent determined a

---

[1]  Unless otherwise noted, all section references are to the Internal Revenue Code.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The record does not contain a copy of the 1994 notice of deficiency, but a billing notice dated June 2, 1997, reflects a balance due on an assessment of $10,935.80 of 1994 income tax, before interest and penalties.

deficiency in income tax of $55,628 and a section 6662(a) penalty of $11,126.  This notice was sent to P.O. Box 4098, Diamond Bar, CA 91765-0098 (the Diamond Bar address).

A letter from "L. Johnson" with a copy of the 1993 notice of deficiency attached thereto, requesting rules for filing a petition and a petition form, was received by the Court on May 12, 1997, and filed as a petition.  The Court ordered petitioners to file a proper amended petition on or before July 15, 1997, and to pay the $60 filing fee.  The amended petition was timely filed and sought to place in dispute 1994 as well as 1993.[3]

The amended petition contained the following statements regarding the 1994 notice of deficiency:

> "Never received the 'notice of deficiency' for 1994.  We were told about it on November 13, 1996 that we had until 12/2/96"

> "We never received the 'statutory notice of deficiency.'  we were told via the attached letter dated November 6, 1996 that we had 3 weeks to file with the Tax Court.  Please note that notices were sent to an address where we had not lived in almost 3 years!!"

A letter attached to the amended petition was addressed to Lester Johnson at the Scenic Ridge address, and stated that it was in response to "your recent inquiry regarding the Statutory Notice of Deficiency which was issued on 9/3/96."  That letter further

---

[3]  Inasmuch as the original petition was filed more than 90 days after the mailing of the 1994 notice of deficiency, we need not consider whether the original petition sought, as did the amended petition, to place in dispute 1994 as well as 1993.  Cf. O'Neil v. Commissioner, 66 T.C. 105, 107-108 (1976).

contained a check next to a paragraph thanking the addressee for information sent and advising that the case would be returned to the examination group for evaluation. The letter further advised that "The last day for filing a petition is 12/2/96."

On November 12, 1996, Lester Johnson met with Rebecca Piper, a representative of respondent's examination group, to discuss the audit of the 1994 tax year. According to Ms. Piper, that meeting had been prearranged as a consequence of a contact by Mr. Johnson for audit reconsideration. During that meeting, Mr. Johnson submitted some canceled checks to substantiate certain deductions taken in 1994. The evidence submitted at that time was insufficient, however, to warrant any change in the prior determination. Mr. Johnson was again advised of the due date for filing of the petition.

On or about July 11, 1995, petitioner Lester Johnson submitted to respondent's Fresno Service Center (the service center) a Form 4361, Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners. The Form 4361 showed the applicant's address as 3233 Grand Avenue, Ste N347, Chino Hills, CA 91709 (the Grand Avenue address). On February 2, 1996, the director of the service center responded to Mr. Johnson at the Grand Avenue address denying the application and returning the original form.

Sometime before March 19, 1996, petitioners submitted to the service center a Form 8821, Tax Information Authorization, regarding taxable years 1988 through 1994. The form listed petitioners' address as the Grand Avenue address. By letter dated March 19, 1996, that form was returned to petitioners because it did not properly contain both petitioners' signatures and signature dates.

Petitioner Sherelle D. Brooks-Johnson (Ms. Brooks-Johnson) testified at the hearing in this matter. While Mr. Johnson was present in the courtroom and was invited by the Court to testify, he declined. Ms. Brooks-Johnson stated that petitioners had lived at the Scenic Ridge address until March 1995, at which time they moved to the Grand Avenue address. The Diamond Bar address was a second address that they used for business. She further stated that the audit of the 1993 return was ongoing at that time and that she had given her new address to the examining agent. Examination of the 1994 return was conducted by a different agent, but Ms. Brooks-Johnson stated that both agents were aware of the two audits. Neither of those agents was called as a witness. The record is not clear as to whether or when such notice of change of address was given to the agent examining 1993, and petitioners did not have any correspondence from him or her before September 3, 1996.

When petitioners' 1994 Federal income tax return was prepared and timely filed, the address shown on that return was the Scenic Ridge address.  At the time of the mailing of the 1994 notice of deficiency, respondent's computer records reflected the Scenic Ridge address.

As indicated, respondent filed a Motion to Dismiss 1994 for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a).  Petitioners filed an objection to respondent's motion to dismiss, alleging that respondent failed to mail the original deficiency notice by registered or certified mail to their last known address.

## Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the timely issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  It is clear that the petition and amended petition were filed more than 90 days after the mailing of the 1994 notice of deficiency.  Consequently, we must dismiss that year for lack of jurisdiction.  However, we first determine whether respondent issued a valid notice of deficiency.

Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail."  Section 6212(b)(1) provides that a notice of deficiency, in respect of an income tax, "shall be sufficient" if it is "mailed to the taxpayer at his last known address".  Generally, the Commissioner has no duty to effectuate delivery of the notice after it is mailed.  Monge v. Commissioner, supra at 33.

Neither section 6212 nor the regulation promulgated thereunder, section 301.6212-1, Proced. & Admin. Regs., defines what constitutes a taxpayer's "last known address".  We have defined it as the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such a period.  Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).  Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice to be sent.  Weinroth v. Commissioner, supra.  The relevant focus is thus on the Commissioner's knowledge, rather than on what in fact may have

been the taxpayer's actual address in use.  Brown v. Commissioner, 78 T.C. 215, 219 (1982) (citing Alta Sierra Vista, Inc. v. Commissioner, supra).

In Abeles v. Commissioner, 91 T.C. 1019 (1988), we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address.  Monge v. Commissioner, supra at 28.  However, once the Commissioner has become aware of a change in address, he must use reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address.  Whether the Commissioner has properly discharged this obligation is a question of fact.  Weinroth v. Commissioner, supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner, supra at 374.

A validly executed power of attorney may suffice to render an attorney's address the taxpayer's "last known address" if it directs that all original notices and written communications be sent to the taxpayer at the attorney's address.  See D'Andrea v. Commissioner, 263 F.2d 904 (D.C. Cir. 1959); Reddock v. Commissioner, 72 T.C. 21 (1979); Lifter v. Commissioner, 59 T.C. 818, 821 (1973).

In our opinion respondent properly mailed the 1994 notice of deficiency to petitioners' last known address.  First, the Scenic Ridge address was the one appearing on petitioners' most recently

filed return.[4]  Respondent's computer records did not show a different address.  Secondly, notwithstanding petitioners' allegation that they did not receive a copy of the 1994 notice of deficiency, Mr. Johnson apparently arranged for a conference to reconsider the audit findings for 1994 and brought relevant information with him.  Mr. Johnson was afforded the opportunity to testify and explain this anomaly, but he declined.  We are entitled to consider that his testimony would not have been favorable to petitioners' position.  McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir. 1989), affg. 89 T.C. 1063 (1987); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Petitioners were advised several times that the period for timely filing a petition expired on December 2, 1996, and they had ample time to do so.

Petitioners contend that their submission of Forms 4361 and 8821 was sufficient to notify respondent of their new address. From this record, we cannot conclude that petitioners gave clear and concise notice of a new address.  Both of those forms were returned to Mr. Johnson, and there is no evidence that the mere receipt of either of these forms by the service center causes a change to be made to respondent's computer records.  In

---

[4]  There is no indication that petitioners filed a 1995 return or that such a return, if filed, reflected any different address.

particular, the Form 8821 was not a validly executed power of attorney and therefore did not constitute a notification of change of address for petitioners.  Moreover, other than Ms. Brooks-Johnson's testimony, there is no evidence that she or Mr. Johnson notified an examining revenue agent of their new address before September 3, 1996.  We are not required to accept a taxpayer's self-serving, undocumented testimony, <u>Wood v. Commissioner</u>, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964), and, under the circumstances presented here, we do not.

In sum, we hold that the 1994 notice of deficiency was mailed to petitioners' last known address, and the petition (and/or amended petition) insofar as it purports to place in dispute that year is untimely.  Accordingly, we shall grant respondent's motion to dismiss this case for lack of jurisdiction.

In order to give effect to the foregoing,

<u>An order will be issued granting respondent's Motion to Dismiss 1994 For Lack of Jurisdiction</u>.